Mr Justice Story
 

 delivered the opinion of the Court.
 

 This is an appeal from a decree rendered dn the circuit court of the district, 'of Columbia, sitting in Alexandria, in a suit in chancery, in which the appellants were original defendants. The appellants are stogkholders in an unincorporated association, which was. formed in 1815", for the purpose of carrying on the business of banking, under the name of the Merchants' Bank of Alexandria; the nature and extent of which association is evidenced by certáin articles of agreement,, which were at the time published in the newspapers in the district, and are set forth in the case. The first article provides, that the capital stock
 
 may
 
 eonsis(t of one million of dollars, divided into shares of one hundred dollars each, which were to be payable by calls, provided for therein. In thfe other articles provision is made for the management of the business of the bank by directors, and for the issuing of bank notes, &e. to be signed by the president and countersigned by the cashier of the bank. The 15th
 
 *485
 
 .article declares the object of the stockholders to.be, that the
 
 joint stock
 
 of the company “ shall alone ,be responsible for the.debts and engagements of .this company; and that lib person who may deal with.the'company, &c. shall on any pretence whatsoever, have recourse against the
 
 separate
 
 property of any present or future member of this company, or. against their persons, farther than may be necessary to secure the faithful application of the funds thereof- to the purposes to which, by these presents, they are liable. But all persons accepting any bond, bill or note, &c. of the company,.&c. thereby give credit to the áaid joint stock or-property of said company, and thereby respectively disavow having recourse, on any pretence whatever, to the
 
 persons,
 
 or separate property of any present- or future member of this company, except as above mentioned.”
 

 ,:The whole stock of one million of dollars was subscribed, and calls to an amount of about one hundred and eighty three thousand dollars were paid in, with money or by stoek ribtes discounted for that purpose. The bank went into operation, and circulated its notes to a large amount; and finally, after about a year, the bank failed, leaving its note's' to an amount, as it is'said, of about ninety thousand dollars in-circulation and unpaid 5 and. having assigned all its pro-jjerty to certain assignees, .(who were not parties to the bill) for the payment of certain preferred debts, and then for.'the benefit of the creditors generally. These assignees haye now ho.'property in their hands for distribution. .The ori-ginál plaintiff is,the holder of the'bank notes-of the bank to the amount of
 
 $20,000
 
 and upwards., which remain unpaid. The form of the notes issued by the bank was as follows, í{. Cápital, one million of dollars. The Merchants’ Bank , of Alexandria promises to, pay to C. M’Knight
 
 or order,
 
 on demand, —--dollars.” These. notes were signed, by the president and countérsigned by-James S. Scotty who was cashier, and indorsed by C. M’Knight, in blank, without consideration j and.solely to enable the notes to circulate as currency, as notes payable to the bearer.
 

 The bill seeks payment out of. the separate property of the stockholders, to the amount of $20,000, the', notes so held
 
 *486
 
 by the plaintiff. It states the articles of copartnership, and charges that the notes were issued by the bank, and that it prosecuted business until May 1816, at which time its affairs, either by mismanagement or by a fraudulent issue of/paper beyond fes known means, became embarrassed and stopped payment. - But it contains no direct charge of fraud or fraudulent misápplication of the funds, by the directors of stockholders in distinct terms. It states the assignment of the- property of the bank after the failure; and charges the preferences. therein provided for tobe fraudulent; but if not fraudulent,-then that the trust fund is insufficient to pay the creditors of the bank, without resort to the separate property of the stockholders. It further charges, that the plaintiff does not know whether there are other stockholders or not, than those sued, and that he has no means of ascertaining them, and calls upon the defendants for a discovery. And the prayer of the bill is, that the assignment may be decreed nüll and void, that the plain tiffJs demand may be paid out of the joint funds as far as they will go, and then, out of the separate funds of the stockholders; and also for general relief.
 

 In the progress of the cause some of the original defendants died, and the bill was not revived against their representatives. Some of the defendants put in their several answers, to which the general replication was filed,, and against others the bill was taken pro confesso; and after several intermediate proceedings, references to, and reports by a master in order to ascertain certain facts, &c. &c. the cause was finally set down for a hearing against the defendants who had answered, and those against whom it was taken pro confesso, and a decree rendered for the plaintiff; from which the parties against whom it was made, have appealed to this Court. The decree, in substance, declares that there are no funds in the hands of the assignee to pay the debt; that, certain defendants (naming them) who had answered, do pay .the debt to the plaintiff with interest from the first of January 1818 with costs; that this decree be discharged as to two of the persons so charged, by their paying a less sum, equal to the amount of the notes issued
 
 *487
 
 by. the bank, while they were stockholders; and as to the other, “defendants, the decree is that the bill be dismissed, “ it. appearing to the count that they, are either hot served -fWitl] process to appear in the said cause, or where sérved with process,, not charged hy any evidence on the part of the plaintiff.’’
 

 Such is a very summary statement of the case. Several questions have been elaborately argued at the bar, respecting the form and sufficiency of the'bill, as well as the merits of the case. Upon, some of these questions much diversity of opinion at present exists among the judges. But as we are all of.opinion that, there must be a reversal upon two points, $e deem it unnecessary to examine any others.. Those points are the defect of parties, and the erroneous dismissal of the bill as to any of-the defendants properly'-before the court, against whom á decree might have been made.
 

 In. the .first place ás to. the defect of parties; wé do not mean to say that in. cases of this nature it is necessary to bring all the stockholders before the court, before any de-. cree can be. made. It is well known, that there are cases in which a court of equity dispenses with such a proceeding when the parties are very numerous, or unknown, and the adoption of the rule would .essentially impede, if not defeat the purposes of justice. But in the present case we are of opinion that'upon the death of the . parties who were before the court, the bill ought to have been revived against their personal representatives, if they could be brought before the court, unless some . good, reason, .such as absolute insolvency, could be assigned to justify the omission. The reason is obvious. Supposing the decree against the parties jointly -to be good, those who shall pay, are entitled to contribution from the other stockholders and their personal representatives. If they are not before the- court they are not hound by the.decree; and consequently in a subsequent suit for contribution, they may controvert every material fact upon which the decree was founded, arid put the party seeking contribution to the full proofs of them, as well as of the responsibility over the party made. One of the great principles upon, which courts- of equity generally require all
 
 *488
 
 parties who are known, and within the reach of its jurisdiction, to be made parties, is to prevent future litigation, ánd to'take away multiplicity., of suits. : It is a matter of justice, as ..well as of convenience, that all the parties who are ultimately liable to contribution, should, when practicable, be brought before the court, so that the equities between them may be adjusted, as well as the right of the plaintiff. There are exceptions it is true, to the rule, but they are founded upon special considerations; such, as where a decree of contribution would be useless, or where the proceeding would defeat ihe jurisdiction of the court, and the parties are not indispensable to a decree, or.where the convenient administration of justice forbids it in the particular case.
 

 This reasoning applies with far moré.force to the dismissal of the bill as to the defendants, who were before the court, and who were liable to a decree as stockholders. It is a positive injury to the defendants, who are charged by the decree, not only as to their immediate responsibility, but.as to the means and proofs of contribution. The decree of dismissal,- so far from; aiding, the other defendants; puts thei to the absolute necessity of instituting a new suit for contribution, and to establish every step in its progress by plenary evidence We know of no instance, where a joint liability has been asserted before a court of chancery; in which the decree has not been made against all the parties before it who did not establish some personal discharge.
 

 If the bill hád been dismissed against those persons only, who appeared and answered, and whose liability wás not proved by the evidence, there would have been no difficulty. But it is dismissed as to all the defendants who did not answer the bill, and against whom the bill was taken as confessed, and set'for a décr,ee. Now, if these persons were duly brought before the’ court, and if due proceedings were afterwards! had .against them, they certainly were jointly chargeable with the other defendants, upon their own default, as in cases of confession.
 

 It is no answer to this objection, that no exception was taken at the hearing for the want of proper parties. The objection we are now considering is not merely, that the
 
 *489
 
 proper parties were not before' the court, but that the bill, being, set down for a hearing, as to those who had answered, and also as to those against whom it had been taken
 
 as confessed,
 
 the court has decreed against a part only- ; when it ought to have decreed ■ against the whole, who' were, chargeable as stockholders. The proper parties for such a decree were before the court, and the error was in dismissing the bill as to any of them. It has been also said, that the decree of dismissal, if an error, is only to the prejudice of the plaintiff. Rut this is not. admitted. It was prejudicial to the rights of all the defendants, who were charged by the decree.
 

 We are also of opinion, that, assuming that the cause might be properly brought to a hearing as to the parties before the court-, the decree was erroneous in dismissing the bill as to any of' the defendants named in the bill as stockholders', upon whom process was not. served; if, by any proceedings, they could have been brought before the court before a final decree. They were known to the plaintiff when he brought his bill, and were named therein; and the other defendants, in'proceeding to a hearing, cannot' be understood to waive any further proceedings against them. If they were nonresidents, still the act of congress of the 3d of May 1802, allows proceedings to be had against non-residents by publication in the newspapers in the district; -and no reason is assigned why such a1 proceeding might not have been effectual to. bring them before the court in the present case. We give no opinion what would have been the case, if they had not been named in the bill, or had not appeared by the bill to have been known to the plaintiff at the tirtie of filing it. But as they were known and named, the same reasons apply to them as to the other defendants before the court and their personal representatives.
 

 It was asserted at the argument, that the bill had also been dismissed as to some of the defendants, who had answered and admitted themselves liable as stockholders. Upon examining their answers, it is manifest that they were nomi-nál stockholders only, their names having been used without their consent, or under circumstances which demonstrate
 
 *490
 
 that they never meant to become stockholders. And no attempt was made at the hearing to charge them with any other proofs. As to them, therefore, the dismissal was properly decreed.
 

 An objection was taken at the argument, as to the regularity of the appeal, it having been claimed by all the defendants against whom the decree was made; and the appeal bond having been given by MandCville only. The objection, if it had been material in this case, ought to have been taken by way of preliminary motion to dismiss the appeal for irregularity, bn account of the failure to give the proper appeal bond. But it is not material in this case, since, if Mande-viile be considered the only appellant, the error of the decree is equally fatal, and consequentially reinstates the cause, discharged of that decree, as to all his. co-defendánts.
 

 Upon the whole, we are of opinion that the decree must be reversed, and the cause remanded to the circuit court with directions to have 'the cause reinstated, as to all the defendants as to whom the bill was taken as confessed, and dismissed at the hearing; and with directions also that the personal representatives of the parties to the bill, who died during the pendency of the suit, if they are known, can be brought before the court to be also made parties; and also with directions, that all the other defendants named in the bill, who were not served with process, but against whom further proceedings may be -hád to bring them before the court, (as to whom the bill was dismisséd at the hearing) be ibrought before the court, if practicable, as, parties; and that thereupon such farther proceedings be had. as to justice Add equity may appertain.
 

 This cause came on to be heard on the transcript of the record from the circuit court of the United'States for the district of Columbia, holden in and for the county of Alexandria, and was argued by counsel; on consideration whereof, it is the opinion of this Court, that there is error in the decree of the said circuit court in dismissing the bill against the defendants upon whom process was not seryed, and also
 
 *491
 
 against the defendants against whom the bill was taken- pro confesso, and set down for a hearing; and also error in the said court in not requiring the said suit to have been revived before said decree against the personal representatives of the parties thereto, who were served with process* and died during the pendency of the said suit, who were known, and might have been brought before, the court. It is therefore ordered, adjudged and decreed by this. Court, that the de-. cree of the said circuit court in this cause be, and the same is hereby reversed and annulled, and .that jthe cause be, and the same is hereby remanded to the said circuit court, with directions' to cause the same tó be reinstated as to thé defendants aforesaid against whom the bill was taken, pro con-fesso and set down for a Hearing, and by the decree dismissed. And also with directions-that the personal representatives of the defendants,- who died pending the suit, who are known and may be brought before the said circuit court, be made parties thereto, and the bill Hie revived as to them.