HOWTH, Adm'r, and others *v.* OWENS, Ex'r, and others.

*(Circuit Court, S. D. Georgia, E. D.  January 4, 1887.)*

1. EXECUTORS AND ADMINISTRATORS—PARTIES TO BILL FOR ACCOUNTING.
    Where a bill in equity prays account against executors, and a general settlement of the trust, all the executors are necessary parties.

2. SAME—DEMURRER FOR WANT OF PARTIES.
    A defendant may object to the bill for the want of proper parties; and, if such defect is not apparent on the face of the bill, the defendant may plead the matters necessary to show it.

3. SAME—PLEA FOR WANT OF PARTIES.
    A plea for the want of proper parties is a plea in bar, and goes to the whole bill.

*(Syllabus by the Court.)*

In Equity.
*Charles Nephew West,* for complainants.
*J. R. Saussy,* for defendants.

SPEER, J. This was a bill filed originally by Isaac M. De Lyon and others against Thomas E. Lloyd, Julian Hartridge, and George S. Owens, as the executors of Levi S. De Lyon. The bill was filed May 26, 1873. Complainant Isaac M. De Lyon died. William E. Howth, his administrator, was made a party complainant. Thomas E. Lloyd died, and the complainants proceeded against George S. Owens, the executor, by bill of revivor. Julian Hartridge died testate, and Mary M. Hartridge qualified as his executrix. No bill of revivor was filed against Mrs. Hartridge as executrix, but, on the contrary, on June 3, 1879, the late Amos T. Akerman, then of counsel for complainant, took the following order:

"IN THE CIRCUIT COURT OF THE UNITED STATES, SOUTHERN DISTRICT OF GEORGIA.

" *William E. Howth and others* v. *George S. Owens and others.* (In Equity.)

"The complainants suggest that, since the last term of this court, Julian Hartridge, one of the defendants, has died; and on their motion it is ordered that his name be stricken from the cause, and that the cause proceed against the other defendants. It is further ordered that the time for taking testimony in said case be extended to the first day of the next term.

"JOSEPH P. BRADLEY, Circuit Justice.

" *June* 3, 1879."

The bill is framed for discovery, account, and general relief. The cause was set down for a hearing on the third inst., when the defendants filed the following plea:

"IN THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF GEORGIA.

" *William E. Howth, Adm'r of Isaac De Lyon et al., Complts.,* and *George S. Owens, Julian Hartridge, and George S. Owens, as the Executors of Thomas E. Lloyd, Deceased, Defendants.*

"And these defendants, by leave of the court first had and obtained in this behalf, by protestation, not confessing or acknowledging the matters and things in and by the said bill and the amendments and bill of revivor set forth, alleged and set forth to be true in such manner and form as the same are therein and thereby set forth, for plea thereunto say Julian Hartridge, one of the defendants in said bill of complaint, departed this life on the eighth day of January, 1879, testate; that his last will and testament has been duly admitted to probate in the court of ordinary of the county of Chatham, in said Southern district of Georgia, and letters testamentary were duly issued to Mary M. Hartridge, as the executrix of said last will and testament, on the eleventh day of March, 1879, and the said Mary M. Hartridge was duly qualified as said executrix. These defendants further say that the said Julian Hartridge was a necessary party, and, since his death, his personal representative is a necessary party in his name and stead, as fully appears from the allegations of said bill of complaint, inasmuch as it is therein stated and charged that all of the said defendants to said bill of complaint, as executors, jointly wasted the assets and estate of their testator, and these defendants are entitled to contribution from the estate of the said deceased defendant for any and all sums of money that may, under the said allegations of complainants' said bill, be decreed to be paid by the said defendants; but yet the said complainants have not made the said Julian Hartridges' personal representative a party to said bill of complaint. All which matters and things these defend-

ants aver to be true, and plead the same to the said bill of complaint, and pray the judgment of this honorable court in the premises.

"J. R. SAUSSY, Solicitor for Defts.

"Personally appeared George S. Owens, one of the defendants in the above cause, and on oath says that the foregoing plea is not interposed for delay, and is true in point of fact. GEO. S. OWENS.

"Sworn to and subscribed before me this twenty-third day of November, 1886. L. A. WAKEMAN, Not. Pub., C. C. Ga.

"The undersigned, solicitor for the above-named defendants, hereby certifies that, in his opinion, the foregoing plea is well founded in point of law.

"J. R. SAUSSY, Solicitor."

To this plea the complainants made a general demurrer.

The questions to be determined are: (1) Was the representative of Julian Hartridge, co-executor with the other respondents, a necessary party? (2) Does the action of the complainant, in striking the name of Julian Hartridge from the record, bar the suit?

The question, who are necessary parties to a bill in equity? has not been defined with the exactitude which might have been expected with regard to a question of such frequent occurrence. It is said by Mr. Justice Story to be a subject of great practical importance, and of no inconsiderable difficulty, in a great variety of cases. Story, Eq. Pl. 72. "In view of the maxim that courts of equity delight to do justice, and not by halves, it is a general rule, subject to various exceptions, however, that all persons materially interested, either legally or beneficially, in the subject-matter of a suit, are to be made parties to it, either as plaintiffs or as defendants, however numerous they may be, so that there will be a complete decree, which will bind them all." Id. Again, it has been said, in general, (subject to certain statutory exceptions,) all persons interested in the subject-matter of a suit, with respect to its object, are necessary parties to the suit. Sometimes, when there is a class of persons all having the same interest, and the class consists of so large a number of individuals that they could not all be made parties without extreme inconvenience, it is allowed to name one or more of the class to represent the rest, and this may be done whether these parties appear as plaintiffs or defendants. Hunter, Suits Eq. 15; Fonbl. Eq. 297. Numerous exceptions to this rule are cited. Story, Eq. Pl. 72 et seq.

The bill before the court is framed for a general account of trust funds in the hands of trustees. Here all the trustees should be made parties. Story, Eq. Pl. 214. Where two executors are bound to render an account, they should be made parties. Id. 218, and cases cited. It follows, therefore, that the action of the complainant in striking the co-executor, Julian Hartridge, from the bill, withdrew a necessary party. No doubt the distinguished counsel then representing the complainant was misled by section 3444 of the Code of Georgia, which provides:

"In all cases which have been, or may be, commenced in any of the courts of this state, at law or in equity, against two or more defendants, one or more of whom have died, or may die pending said case or cases, it shall and may be lawful for the plaintiff or complainant to suggest said death of record,

and to proceed in the trial of said case or cases against the surviving defendant, to the extent of their respective liabilities."

This establishes a rule of practice in the courts of the state; but it can have no effect in the courts of the United States, where the doctrines of equity are administered under the general chancery practice. *Mandeville* v. *Riggs*, 2 Pet. 484. The want of parties is an ordinary equitable defense. Adams, Eq. 331. Though a plaintiff may be fully entitled to the relief he prays, and the defendant may have no claim to the protection of the court which ought to prevent its interference, yet the defendant may object to the bill for want of proper parties; and, if the defect is not apparent on the face of the bill, the defendant may plead the matter necessary to show it. Mitf. Eq. Pl. 325. This exception may be also insisted on in the answer, or at the pleading. Story, Eq. Pl. 541; 1 Daniell, Ch. Pr. 287.

A plea for want of proper parties is a plea in bar, and goes to the whole bill, as well to discovery as to the relief, where relief is prayed. Daniell, Ch. Pr. 290.

For these reasons the demurrer to the plea is overruled.