McCLELLAND v. ROSE et al.

(Circuit Court of Appeals, Fifth Circuit. January 10, 1918.)

No. 3111.

1. JUDGMENT ☞677—PERSONS CONCLUDED—PERSONS REPRESENTED BY PARTIES.

That one is not named as a party to a suit in equity does not necessarily prevent his being concluded by the decree, since his interest may be represented by others who are formal parties.

2. PARTIES ☞23—DEFENDANTS—SUING ONE OR MORE ON BEHALF OF ALL INTERESTED.

Where members of a class are joined as representatives of the class, such fact should appear from the record as well as the reason why the others are not brought in and the relation of those sued to the subject-matter of the suit, so as to present to the court for determination the question whether or not they properly represent others not before the court.

3. COURTS ☞492—PRIORITY OF JURISDICTION—FEDERAL AND STATE COURTS.

Complainant brought a suit in equity in a federal court to obtain a construction of his father's will and a decree adjudging him to be entitled to the entire beneficial interest in the estate. The bill made defendants the trustee under the will and a nephew and niece of testator who were alleged to claim an interest as heirs at law. It also averred that there might be other collateral heirs, but, if so, they were unknown to complainant. The answer of the two latter defendants set up their claims, and alleged on information and belief that there were other collateral heirs having like interests, but that their names were unknown to the answering defendants. The case was contested, and resulted in a decree in accordance with the prayer of the bill, and directing an accounting by the trustee to complainant. Before such accounting a suit was brought in a state court by a large number of persons against complainant and the trustee seeking to establish the right to the estate in themselves and other collateral heirs. *Held,* that the issues sought to be raised in such suit were the same as those litigated and determined by the federal court; that the jurisdiction of the subject-matter first acquired by that court was exclusive, and that complainant was entitled to an injunction to restrain the prosecution of the suit in the state court.

Appeal from the District Court of the United States for the Western District of Texas; Duval West, Judge.

Suit in equity by Peter McClelland, Jr., against John K. Rose, trustee, and others. From a decree dismissing a supplemental bill filed by him, complainant appeals. Reversed.

Francis Marion Etheridge and Joseph Manson McCormick, both of Dallas, Tex. (Henri Louie Bromberg, of Dallas, Tex., on the brief), for appellant.

Oscar L. Stribling and Marshall Surratt, both of Waco, Tex. (J. F. Brinkerhoff, of Waco, Tex., on the brief), for appellees.

Before WALKER and BATTS, Circuit Judges, and FOSTER, District Judge.

WALKER, Circuit Judge. This is an appeal from a decree dismissing a supplemental bill filed by the plaintiff in the case of Peter

McClelland, Jr., against John K. Rose, trustee, and others. The main case mentioned—the bill in which asserted the claim that the plaintiff therein was, under the will of his deceased father, Peter McClelland, Sr., entitled to the entire estate of the testator absolutely, or subject to trusts created by the will—twice before has been in this court. The first appeal was from a decree sustaining a demurrer to the plaintiff's bill and dismissing it. The decree then under review was reversed, and the cause was remanded for further proceedings. McClelland v. Rose, 208 Fed. 503, 125 C. C. A. 505. The second appeal was from a decree—rendered on a submission of the cause on the bill as amended, answers, evidence, and objection thereto—which adjudged that the plaintiff, subject to the trust created by his father's will, was the owner in fee of all and singular the latter's estate, ordered an accounting between John K. Rose, trustee, and the plaintiff, and appointed a commissioner to take testimony and make and state the account decreed. That decree was modified and affirmed by this court. McClelland v. Rose, 222 Fed. 67, 137 C. C. A. 519. Subsequent to the last-mentioned action of this court, but before the taking and stating of the account provided for in the modified and affirmed decree, a defendant in that suit, John K. Rose, trustee under the will of Peter McClelland, Sr., brought in a court of the state of Texas a suit, in which he sought an injunction against an alleged threatened sheriff's sale of property belonging to the estate of Peter McClelland, Sr.; suggested the names and residences of more than 70 persons, all citizens of states other than California, the state of which Peter McClelland, Jr., is a citizen, who are collateral heirs at law of Peter McClelland, Sr., and who were not named as parties in the above-mentioned suit brought by Peter McClelland, Jr., and submitted to the court "whether or not all parties claiming as legatees under said will should be made parties hereto and be required to litigate among themselves * * * and have determined by a final adjudication, binding upon all said parties, the construction of said will, and in whom the remainder of said estate is vested, * * * and to whom this trustee shall turn over said property at the expiration of said trust as provided by the terms of said will." Pursuant to the quoted and other suggestions made in that suit many persons were made parties to it as collateral heirs at law of Peter McClelland, Sr.; and, under orders made in a cross-action instituted by some of such persons, Peter McClelland, Jr., and two other persons who claimed property which was part of his deceased father's estate under a conveyance or transfer made by Peter McClelland, Jr., were cited to appear in that suit. The cross-petitioners prayed in behalf of themselves and other collateral heirs at law of Peter McClelland, Sr., for judgment establishing their claim to the entire estate of Peter McClelland, Sr., decreeing that Peter McClelland, Jr., and his said transferees or assigns have no interest therein or thereto, and that John K. Rose, trustee, be ordered and directed, upon the expiration of the trust created by the will, viz. at the death of Peter McClelland, Jr., to turn over to the heirs at law of Peter McClelland, Sr., all property of his estate in the possession of such trustee. The above-mentioned supplemental bill—after setting out the

proceedings in the suit brought in the state court, and averring that the institution and prosecution of that suit was in contempt of the jurisdiction of the District Court and of its decree in the case of Peter McClelland, Jr., against John K. Rose, trustee, and others, and was an attempt to involve the plaintiff in the last-named suit and those claiming under him in a relitigation of the identical issues which were involved in that suit, and were finally adjudicated therein—prayed that the further prosecution of said suit in the state court be enjoined, except in so far as it sought relief against the alleged threatened sheriff's sale of property belonging to the estate of Peter McClelland, Sr.; that the final decree as modified and affirmed by this court be so extended as to embrace by name all persons who are collateral heirs at law of Peter McClelland, Sr.; and for such other special and general relief as in the premises the plaintiff may be entitled to.

It appears from the opinion rendered by the District Judge that the dismissal of the supplemental bill was the result of the conclusion reached that the final decree which was modified and affirmed by this court was without effect against the individuals by and in whose behalf an adjudication against the claim set up by Peter McClelland, Jr., to the entire estate left by his father was sought in the suit brought in the state court. When the suit brought by Peter McClelland, Jr., was first in this court, the will of Peter McClelland, Sr., was construed, and it was decided "that, on the averments of the bill, the plaintiff is the owner of the estate devised and in controversy, subject to the trusts created by the will; that the defendants, testator's collateral kin, have no interest, under the will, in the same; and that the plaintiff, the averments of the bill being admitted or proved, should have a decree to that effect." McClelland v. Rose, 208 Fed. 503, 512, 125 C. C. A. 505, 514. The subsequently rendered decree, as it was modified and affirmed by this court, was to the effect just stated. McClelland v. Rose, 222 Fed. 67, 137 C. C. A. 519. It is quite obvious that the right of Peter McClelland, Jr., to the entire estate of his deceased father, subject to the trusts created by the latter's will, is no longer subject to be questioned in any court by any one who was bound by the decrees just referred to. The contention made in behalf of the appellant is that the persons by or in whose behalf the claim that they are entitled to the estate of Peter McClelland, Sr., was asserted in the suit in the state court are bound by the final decree in the suit brought by the appellant though they were not by their names made parties to that suit, and did not in person or by attorney appear therein. The opposing contention, which prevailed in the trial court, is that those persons were strangers to the main suit brought by the appellant, and were not affected by the decree therein. These contentions call for a determination of the scope of that suit and a decision as to who is bound by the decree rendered in it.

[1] From the fact that one's name does not appear as a party to a suit in equity, it does not necessarily follow that he is not bound by the result of it. There are cases involving a subject-matter common to a number of individuals in which some only of such individuals, who in fact are representatives of the entire class of which they are members,

may be permitted to sue or defend for all, with the result of making the judgment or decree rendered binding upon all having the common interest the same as if all were before the court. Hartford Life Ins. Co. v. Ibs, 237 U. S. 662, 672, 35 Sup. Ct. 692, 59 L. Ed. 1165, L. R. A. 1916A, 765; Wallace v. Adams, 204 U. S. 415, 27 Sup. Ct. 363, 51 L. Ed. 547; Smith v. Swormstedt, 16 How. 288, 14 L. Ed. 942; Mandeville v. Riggs, 2 Pet. 482, 487, 7 L. Ed. 493; Hale v. Hale, 146 Ill. 227, 258, 33 N. E. 858, 20 L. R. A. 247; Society of Shakers v. Watson, 68 Fed. 730, 15 C. C. A. 632; Stevens v. Smith, 126 Fed. 706, 61 C. C. A. 624; Equity Rule 38 (198 Fed. xxix, 115 C. C. A. xxix).

[2] In order for a judgment or decree in a suit to be binding upon others than those who are brought before the court, it should be made to appear from the record in the case that such a result is contemplated; that there are persons not before the court having an interest in common with those who sue or defend, and why such others are not brought in; and, further, the relation to the subject-matter of the suit of those who sue or defend for others as well as themselves should be so disclosed as to present for the determination of the court the question whether they do or do not properly represent, not only themselves, but others not before the court, who are similarly concerned in the issues they raise or contest. McArthur v. Scott, 113 U. S. 340, 395, 5 Sup. Ct. 652, 28 L. Ed. 1015; American Steel & Wire Co. v. Wire Drawers', etc., Union (C. C.) 90 Fed. 598, 606, 607; 1 Street's Federal Practice, § 543. Where it is fairly made to appear by the allegations of a bill that such an adjudication is sought as will be effective, not only against those who are brought before the court as defendants, but against others similarly related to the subject of dispute, it is not necessary to aver in terms that those who are made defendants are sued as representatives of the class of which they are shown to be members, especially when it is disclosed that those who defend contest the plaintiff's claim by setting up the claim that the subject of the suit belongs in common to an entire class which they admit does or may include others besides themselves.

[3] The original bill filed by the appellant named as defendants John K. Rose, trustee under the terms of the will of Peter McClelland, Sr., Hugh McClelland, alleged to be a nephew of the testator, and Mrs. M. E. Grismer, alleged to be a niece of the testator. Its allegations showed the following: That the plaintiff claimed that he, under the terms of his father's will, a copy of which was set out, was entitled to all of the latter's estate either absolutely or subject to a trust created by the will; that the defendant Rose, as trustee under the terms of Peter McClelland, Sr.'s will, was in possession of all the property belonging to his estate; that the other two defendants, Hugh McClelland and Mrs. M. E. Grismer, are comprehended within the terms "my heirs at law," as employed in the testator's will, and that "there may be others who are also comprehended within that designation, but they are unknown to complainant, and he is therefore unable to make them parties hereto;" that the defendants Hugh McClelland and Mrs. M. E. Grismer were each of them falsely asserting that the plaintiff is without interest in the estate of his father; and that said estate upon plaintiff's death

will belong to them and to such other persons, unknown to plaintiff, as may also be comprehended within the designation "my heirs at law." The bill prayed for the following, besides other, relief: That the defendant Rose, as trustee, be required to account to the plaintiff for all the property belonging to the estate of the testator that had come into the possession of him as such trustee; that the claims adverse to the plaintiff's set up by the defendants Hugh McClelland and Mrs. M. E. Grismer be decreed to be null and void and of no force and effect; and that the plaintiff be decreed to be the owner in fee of all the property belonging to the estate of Peter McClelland, Sr. By the answer of Hugh McClelland and Mrs. M. E. Grismer to the bill they admitted that they were respectively a nephew and a niece of the testator, and are comprehended within the terms "my heirs at law," as employed in the will, and, in connection with these admissions, their answer stated "on information and belief that there are others within the same class, or their descendants, but whose names and residences are not known to these defendants."

It is apparent from the above statement that the appellant by his original suit sought an adjudication which would have the effect either of giving him absolutely the entire estate of his father or of recognizing him as the sole beneficiary of that estate subject to a trust as to the income of it created by the terms of his father's will. It is equally apparent that the claims adverse to the plaintiff's which were disclosed by the suit were made by the defendants Hugh McClelland and Mrs. M. E. Grismer, not for themselves alone, but in behalf of a class of persons of which they were members. The above quotation from the answer of those defendants shows plainly that in resisting the claim set up by the plaintiff they were not acting for themselves alone, but were making a defense which inured equally to the benefit of other unknown parties who had not been brought before the court. The language above quoted from the opinion of this court rendered on the first appeal shows that it understood that the result of the plaintiff's success in the suit would be a decree adjudging that he is the owner of the estate devised and in controversy, subject to the trust created by the will, and also adjudging that the testator's collateral kin have no interest, under the will, in that estate.

The record in the main case shows that the conflicting claims which were litigated were, on the one side, that of the plaintiff that, under his father's will, he was entitled to the entire estate disposed of by that will, and, on the other side, that set up by the two individuals who were the only collateral kin of the testator known to any party to the suit, that all who constituted that class, including unknown as well as known members of it, were entitled to that estate. It was unsuccessfully made a ground of objection to the bill by demurrer that it showed on its face that there were unknown heirs of the testator, shown by the bill to stand in the same relation to the property in controversy as the heirs of the testator who were named as defendants. From the action of the court in proceeding with the cause, notwithstanding the objection just mentioned, it may be inferred that the bill was regarded as showing a good excuse for the plaintiff's failure

to name as defendants all who are next of kin of the testator, in that it showed that no members of that class other than the two who were named as defendants were known to the plaintiff. It also may be inferred from the record that the conclusion was reached that those of the testator's collateral heirs who were brought before the court fairly represented the right asserted by them, which was one belonging in common to all of the class of which they were members, as well those who were not as those who were before the court. The way in which the conflicting claims were fought out to a conclusion indicates that the litigation was by no means a collusive one, and that the interests of all were properly asserted and maintained. A manifest purpose of the appellant's original suit was to have claims adverse to the one he asserted so disposed of as to leave no obstacle in the way of his either being put in possession of his deceased father's entire estate as the sole and unconditional owner of it or securing an adjudication that, subject to a trust created by the will, he was the sole beneficial owner of that estate. The claim of the appellant was resisted by individuals brought before the court as defendants, not on the ground that those individuals alone were entitled to that estate, but on the ground that, under the testator's will, it belonged to a class of persons, the collateral kin of the testator, in behalf of all the members of which class the members of it brought before the court resisted the granting of the relief prayed for in the bill. The scope of the bill, as disclosed by its averments and prayers for relief, and the terms of the decree rendered under it, we think, negative the conclusion that that decree affected no interest or claim other than that of the individuals who were before the court as defendants to the suit.

The original suit brought by the appellant was such a one as vested the court in which it was brought with jurisdiction of the entire controversy raised by the conflicting claims to the estate of Peter McClelland, Sr. Whether that suit has or has not passed beyond the stage at which individuals who were parties to it only by representation may intervene and claim the right to be heard, such individuals may not avoid the effect upon them of the decree rendered in favor of the appellant by resorting to another jurisdiction for a relitigation of the questions passed on in that suit. American Steel & Wire Co. v. Wire Drawers', etc., Union (C. C.) 90 Fed. 598, 606, 607; Sharon v. Terry (C. C.) 36 Fed. 337, 1 L. R. A. 572; Alger v. Anderson (C. C.) 78 Fed. 729, 733; Cornue v. Ingersoll, 176 Fed. 194, 99 C. C. A. 548.

The appellant was cited to appear in the state court to confront the assertion there of the identical adverse claim of ownership of his deceased father's estate which previously had been finally ruled against in the suit brought by him. Such claim of ownership was made in the state court at the instance of and by individuals who actually or by representation were in the position of defendants in the suit brought by the appellant. If the decree in the appellant's suit had been adverse to him, it would have inured to the benefit of the individuals who sought a renewal of the same controversy in the state court. The prosecution of the suit in the state court involved an attempt to deprive

the decree rendered in the suit brought by the appellant of the effect he was entitled to have accorded to it. The court which rendered that decree, having first acquired jurisdiction of the parties and subject-matter involved, had the power to restrain proceedings in another court having for their object an adjudication inconsistent with the conclusive one previously made. The averments of the appellant's supplemental bill disclosed a state of facts warranting the granting of relief it sought, to the end that the first acquired jurisdiction of the court in which it was filed be protected, and that the decree of that court be made effectual. Julian v. Central Trust Co., 193 U. S. 93, 24 Sup. Ct. 399, 48 L. Ed. 629; Oppenheimer v. San Antonio Land & Irrigation Co., 246 Fed. 934, —— C. C. A. ——, U. S. Circuit Court of Appeals, Fifth Circuit.

The conclusion is that the dismissal of the supplemental bill was error. The decree to that effect is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed.