ATWOOD et al. v. RHODE ISLAND HOSPITAL TRUST CO.

(District Court, D. Rhode Island. January 13, 1919.)

No. 96.

1. WILLS ☞267—SUIT TO SET ASIDE WILL—INDISPENSABLE PARTIES.

To a suit against the trustee of a fund to be eventually distributed between beneficiaries to set aside a provision of the will of the creator of the trust which devised his residuary estate to the trustee to be added to the trust fund, the beneficiaries of the trust are proper, but not indispensable, parties.

2. WILLS ☞267—SUIT TO SET ASIDE WILL—PARTIES.

A museum to which a testator bequeathed objects of art, on condition that his residuary estate proved sufficient to increase a trust fund to a certain sum, is not an indispensable party to a suit by heirs against the trustee to set aside the residuary clause of the will, although an adverse decision would indirectly deprive it of the bequest.

In Equity. Suit by Kate Atwood, individually and as administratrix, and Theodore Davis Boal, administrator, against the Rhode Island Hospital Trust Company, administrator and trustee. On motion to dismiss bill and plea to jurisdiction. Motion denied and plea overruled.

Sheffield & Harvey, of Newport, R. I., for complainants.
Tillinghast & Collins, of Providence, R. I., for respondents.

BROWN, District Judge. By motion to dismiss the bill, and by plea to the jurisdiction embodied in its answer, the Rhode Island Hospital Trust Company, which is sued both as administrator with the will annexed of the estate not already administered of the late Theodore M. Davis, of Newport, R. I., and as trustee under a certain deed of trust executed by said Davis in his lifetime, makes the objection that indispensable parties are omitted.

[1] The bill relates to the residuary estate and to the provisions of the will contained in its ninth clause. The plaintiffs allege that this is void, and in consequence the residuary estate is intestate property to which the plaintiffs are entitled.

If the plaintiffs should prevail, the defendant as trustee under the deed of trust would be deprived of the residuary estate, which, by

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the ninth clause of his will, the testator had provided should be converted into cash and the proceeds paid over to the defendant, trustee, as a part of the principal held by it in trust, and as though said proceeds had been deposited by the testator as a part of the trust estate.

The deed of trust provides that upon the termination of certain lives the principal shall be divided into equal shares and distributed among certain named beneficiaries. These shares, if the plaintiffs prevail, will be diminished in value, and the loss of the residuary estate will thus fall upon these beneficiaries under the deed of trust.

By the seventh clause of the will, a bequest is made, to the Metropolitan Museum of Art of New York, of works of art and an Egyptian collection, but subject to the condition that, if the principal of the trust estate held by the defendant as trustee shall not be sufficient to make each share equal at least to $50,000, sufficient of said works of art to realize a net amount equal to the deficiency in the trust estate are bequeathed to the defendant as trustee, so that the principal shall be increased to an amount sufficient to make each distributive share at least $50,000.

That the testator in this way has insured these beneficiaries against depreciation of the amount of their shares does not, as plaintiffs suggest, make it a matter of indifference to the beneficiaries what the result of this suit may be. The plaintiffs can derive no rights from the fact that the beneficiaries may be thus preferred to the Metropolitan Art Museum. Their shares are not limited to the sum of $50,000, and they are entitled to their full shares, whether greater or less than that sum, and have the right to relieve the art museum from the condition.

That the beneficiaries would be indifferent to the fulfillment of the testator's primary intention to devote his works of art and his Egyptian collection to the art museum is a suggestion that is both inadmissible and irrelevant to any question before us. The beneficiaries as cestuis have a direct interest in the subject-matter of the suit, and the joinder of those defendants who are resident in this district does not appear to be impracticable because of their number. On the contrary, even if we may dispense with those parties whose joinder would oust this court of jurisdiction of a bill based on diversity of citizenship, it is yet desirable that we should have before us representatives of the class of beneficiaries who are to share in the final distribution, as well as the trustee. Equity Rule 38 (see Hopkins' Fed. Eq. Rules [2d Ed.] p. 203, 198 Fed. xxix, 115 C. C. A. xxix); Hartford Life Ins. Co. v. Ibs, 237 U. S. 666, 672, 35 Sup. Ct. 692, 59 L. Ed. 1165, L. R. A. 1916A, 765; Wallace v. Adams, 204 U. S. 415, 425, 27 Sup. Ct. 363, 51 L. Ed. 547; McClelland v. Rose, 247 Fed. 721, 723, 724, 159 C. C. A. 579, Ann. Cas. 1918C, 341; Merchants' & Mfrs.' Traffic Ass'n v. U. S. (D. C.) 231 Fed. 292, 295.

[2] The Metropolitan Art Museum is not a beneficiary of the trust, and therefore is not entitled to share in the residuary estate. Its bequest, however, is subject to deduction in case the trust fund is insufficient to make each distributive share equal to $50,000. It may there-

fore be said that it has an interest that the principal of the trust fund, from whatever source derived, shall be sufficient in amount to make each distributive share equal to $50,000, and that it shall in no way be reduced below such amount. It hardly can be contended, however, that this general interest makes it a necessary party to all suits in which the trustee may be charged with the duty of defending claims against the trust estate, or with the duty of recovering assets which may form part of the trust estate, and in which may be involved an amount whose loss or nonrecovery will cause a deficiency in the principal, and thus in distributive shares.

Whatever the cause of the deficiency—shrinkage of values, adverse judgments in suits for or against trust funds, or other cause—the existence of such deficiency as matter of fact makes operative the condition of the seventh clause of the will.

To a suit by the trustee against the art museum it would seem to be no answer to say that a judgment, whereby the principal was in fact made insufficient, was in law an erroneous judgment, if it was binding on the trustee and unimpeachable for fraud or collusion. The question would be the actual amount of principal available for distribution; not whether, according to the opinion of some other court, it would have been more had the law been otherwise interpreted.

The question whether funds in the hands of the administrator c. t. a. d. b. n. shall be paid to the complainants, or to the trustee under the deed of trust, is said by defendant to make this a suit for the administration of a trust. It is not a suit for the administration of the trust created by the deed of trust, but rather a suit to defeat the right of the trustee of that trust to the residuary estate of the testator, and to defeat the testamentary trust for conversion into cash and payment to the trustee under the deed of trust.

Its purpose is to have the will "annulled with respect to the residuary clause." Sutton v. English, 246 U. S. 199, 207, 38 Sup. Ct. 254, 257 (62 L. Ed. 664). It is an attempt to overthrow a testamentary trust rather than a suit for administration of a trust.

The defendant urges that the art museum is not represented by the defendant in either capacity, because of antagonistic interests, and that as it will be the duty of the trustee to see that the museum performs the condition, if it be necessary, this is an adversary position. But this confuses the issues raised by the present bill, in which the interests of these defendants, of the beneficiaries, and of the art museum are identical, with questions that do not affect the present case, and that can arise only in case the defendants fail to defeat the plaintiffs' claim.

Upon the question of intestacy the defendant, in both capacities, seems to represent and to be under the duty to defend all interests. Vetterlein v. Barnes, 124 U. S. 169, 8 Sup. Ct. 441, 31 L. Ed. 400; Kerrison, Assignee, v. Stewart et al., 93 U. S. 155, 23 L. Ed. 843; McArthur v. Scott, 113 U. S. 392, 5 Sup. Ct. 652, 28 L. Ed. 1015. This question is one of common interest to the present defendants, the beneficiaries under the deed of trust, and also to the Metropolitan Art Museum, so far as it may be said to have an interest, because it

may be adversely affected by a deficiency in the trust estate upon its final distribution under the terms of the deed of trust, and thus is concerned in having the defendant prevail in this suit.

Upon the joinder of those beneficiaries resident in this jurisdiction every class will be represented, in conformity with Equity Rule 38. It does not seem necessary to resort to Equity Rule 39 (198 Fed. xxix, 115 C. C. A. xxix) in order to maintain jurisdiction, though, if necessary, it would seem proper for the court, in the exercise of its discretion, to do so.

The questions submitted to this court as to whether the Metropolitan Art Museum and all of the beneficiaries under the deed of trust are indispensable parties must be answered in the negative. I am of the opinion that all of such persons are represented by the defendant, and that there is no sufficient reason for the court to refuse jurisdiction.

The beneficiaries resident in this jurisdiction, however, are proper parties, and the court suggests their joinder in accordance with rule 38, to defend for the whole of the class of beneficiaries under the deed of trust; and the plaintiffs have leave to so amend on or before January 25, 1919.

The motion to dismiss is denied.

The defendant's plea is overruled.