## McCLELLAND v. ROSE et al.

(Circuit Court of Appeals, Fifth Circuit. October 13, 1913. Rehearing Denied December 1, 1913.)

### No. 2,461.

1. WILLS (§ 476*)—CONSTRUCTION—WILL AND CODICIL.

In determining the quality of an estate conveyed by will and codicil, both instruments must be construed as one.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 997; Dec. Dig. § 476.*]

2. WILLS (§ 687*)—CONSTRUCTION—TRUSTS—LIMITATION OVER.

By the fourth paragraph of a will testator bequeathed to plaintiff, his son, the residue of his estate, to be enjoyed under certain trusts and stipulations provided for, and to be held by testator's executors in trust for plaintiff for 25 years after testator's death, subject to such provisions and legacies as were made for the son's support and maintenance during that period. The fifth clause provided that the executors holding the residue in trust should pay monthly installments to plaintiff until he should come into possession of the estate, which the eighth clause provided should be turned over to him if he was living at the expiration of the 25 years; but if plaintiff died before the expiration of such period, then the trust should end, and the residue should pass to testator's heirs. *Held* that, plaintiff having survived the period, the devise over was wholly inoperative, and plaintiff took the estate either under the will or independent thereof as sole heir.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1638–1643; Dec. Dig. § 687.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. TRUSTS (§ 60*)—TERM—LIFE OF BENEFICIARY.

A trust of the residue of testator's estate may properly be created for the life of the donee.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 82; Dec. Dig. § 60.*]

4. WILLS (§ 687*)—CONSTRUCTION—TRUSTS.

Testator bequeathed the residue of his estate to his executors in trust for plaintiff, his son, for 25 years after testator's death, and provided that if the son was living at the expiration of that period the entire residue should be turned over to him. A codicil, however, provided that the trust should continue during plaintiff's life, except that, if in the judgment of the executors plaintiff was prudent and careful, they might make such advances to him out of the estate as they might think right and proper, above the provisions made for him in the will. *Held*, that the codicil did not deprive plaintiff of any estate conferred on him by the will or by law, its effect being merely to deprive him of the right of possession at the end of the 25-year period; and hence he, having survived such period, became the absolute beneficial owner of the residue, subject to the trust, during his life, and that testator's collateral heirs, who would have taken under the will in case plaintiff had not survived the period, took no interest.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1638–1643; Dec. Dig. § 687.*]

Appeal from the District Court of the United States for the Western District of Texas; Thomas S. Maxey, Judge.

Suit in equity by Peter McClelland, Jr., against John K. Rose and others. From a decree dismissing the bill on demurrer, plaintiff appeals. Reversed and remanded.

This is a bill in equity by Peter McClelland, Jr., plaintiff, a citizen of California, against John K. Rose, trustee, Mrs. M. E. Grismer, and Hugh McClelland, defendants, citizens of Texas. The defendants demurred to the bill, the demurrer was sustained by the District Court and the bill dismissed, and the plaintiff appealed.

The bill alleges that the plaintiff, Peter McClelland, Jr., is the only child, next of kin and sole surviving heir at law of Peter McClelland, Sr., who died in McLennan county, Tex., September 24, 1886, and that he (the plaintiff) is the identical person named in item 4 and other items of his father's will; that on October 22, 1881, his father, Peter McClelland, Sr., executed with all legal formalities his last will and testament, which has been duly probated. The will and a codicil are copied in the margin.[1]

---

[1] "In the name of God, Amen: I, Peter McClelland, Sr., of the county of McLennan and state of Texas, knowing the uncertainty of life and the certainty of death, and being of sound and disposing memory, do make this, my last will and testament:

"Item 1. I commit my soul to the God who gave it, trusting in His mercy, and my body to the earth from whence it came.

"Item 2. Should I owe any just debts at my death, I desire that my executors shall pay the same out of any money on hand, and if there should be no money on hand, then out of the income of my estate, as soon as the same can be done.

"Item 3. I give and bequeath to my beloved wife, Joanna M. McClelland, should she survive me, the homestead we now occupy, in the western suburbs of the city of Waco—the same that I purchased of Wm. Stone—to be held, used and enjoyed by her during her natural life. I also give and bequeath to my said wife all the household and kitchen furniture, plate, tableware, pictures, ornaments and other personal property used in and about said homestead, and also the carriages, horses, and milk cows that I may die possessed of. I also give and bequeath to my said wife the sum of one hundred and

The following is a condensed statement of the other material averments of the bill:

The testator, Peter McClelland, Sr., was twice married; his first wife died, leaving the plaintiff, her only child; his second wife, Joanna, died after his death, without issue. W. L. Prather qualified on October 10, 1895, as sole and independent executor of the will. The said Joanna, surviving widow of the testator, elected not to take under the will, and on October 10, 1895, the estate was duly partitioned and her community interest was set aside to her, and thereupon all provisions made for her by the will became inoperative. Prather, the executor, died on July 24, 1905, and on March 17, 1906, the district court of the Nineteenth judicial district of the state of Texas appointed the defendant John K. Rose as substitute trustee to act in the place and stead of said Prather, deceased.

The bill then avers that the defendant Rose gave the required bond and qualified as substitute trustee, and that thereupon he took possession of, and ever since has been collecting, the rents and revenues from the estate, and that he is withholding the same from the plaintiff, pretending that the same

---

fifty dollars per month, or so much thereof as she may see fit to use, during her natural life, should she survive me, to be paid to her in monthly installments, for her support and maintenance, by my executors hereinafter named, in cash, from the date of my death, which shall be a charge upon my estate.

"Item 4. I give and bequeath to my beloved son, Peter McClelland, Junior, should he survive me, all the residue of my estate, real, personal and mixed, to be received, however, and enjoyed by him only in futuro, upon the terms, conditions, incumbrances, trusts and stipulations herein provided for, which said estate shall be held by my executors, controlled and managed as herein provided, in trust for my said son, Peter, for twenty-five years from and after my death, before the same shall be turned over to my said son, except such provisions and legacies as are herein made for the support and maintenance of my said son during the said period of twenty-five years, should he live so long.

"Item 5. I also give and bequeath to my said son, Peter, one hundred dollars per month, to be paid to him from and after the date of my death, in cash, for his maintenance and support, in monthly installments, so long as he shall remain single, or until he shall come into possession of my estate as herein provided; but, should my said son marry before or after my death, this special legacy shall be increased to one hundred and fifty dollars per month from and after the date of such marriage, to be paid to him in cash, in monthly installments, for his maintenance and support after my death, by my executors, as herein provided, which shall be a charge upon my estate until he comes into the possession of same as herein provided, or dies; and in case of such marriage my executors shall provide, by purchase, or otherwise, for my said son, Peter, out of my estate, a suitable house for him to live in, including lots, grounds, and outbuildings, without charge to him, not to exceed in value the sum of five thousand dollars, if purchased by said executors for his use and enjoyment; but upon the death of my said wife, Joanna, my said son, Peter, first having so married, may, at his option, move into, live at, and enjoy the homestead bequeathed to her during her life, free of charge, in lieu of any other provisions for a home, until he shall come into the possession of my estate according to the provisions of this will.

"Item 6. I hereby appoint John E. Gilbert, Chas. F. Gilbert, and Amos W. Gilbert, citizens of the county of McLennan and state of Texas, my executors to carry out the terms and execute the trusts provided for in this will; and as I repose full confidence in their honesty, fidelity and ability, I desire that no bond shall be required of them. Should any one of my said executors leave the state of Texas and remain away for more than two years at one time, he shall thereupon be disqualified from further acting as such executor; and in that event, or if any executor is disqualified to act from any other cause, or if there be a vacancy caused by death or other cause, any two of my other executors may appoint a third, and fill such vacancy by ap-

is in trust and that he has the legal right to withhold the possession thereof from the plaintiff. The other defendants, Hugh McClelland, Hugh L. Grismer, and Otis McClelland—the two last named being made parties by amended bill of complaint—are collateral relatives of the testator, and are embraced within the designation, "my heirs at law," as employed by the testator in item 8 of his will. The bill further alleges that the said collateral kindred of the testator are falsely asseverating that the plaintiff is without interest in the estate of his father, and that upon his death the entire estate will belong to them. The estate consists of real property situated in Waco, McLennan county, Tex., described in paragraph 12 of the bill, of the reasonable market value of a sum in excess of $500,000. It is alleged that by item 4 of the will, the testator made to plaintiff a clear gift of all the residue of his estate; that all other devises, legacies, and provisions made in the will have been fully discharged and eliminated therefrom; that the clear gift made to the plaintiff by the testator in item 4 of the will was subject only to the condition subsequent set forth in item 8 thereof, to the effect that should plaintiff die, without issue, prior to the lapse of 25 years from the death of the

pointment in writing, to be filed among the records of the county court of McLennan county, with the papers pertaining to the probate of my will; but, should two or more vacancies occur at one time, then the county court of McLennan county shall appoint an executor or executors with the will annexed, to carry out the trusts herein provided for, which executor or executors so appointed, with such original executor as may be then acting, shall be required by said court to give bond in due form of law. The absence of all the executors from the state of Texas at one time for more than six months, or the absence of two of them at one time for more than one year, shall disqualify those so absenting themselves, and the court shall then appoint others as herein provided.

"Item 7. Upon my death it is my desire that my said executors, or either of them, have this will probated in due form of law, and that they, or either of them, have a full and complete inventory and appraisement of my estate returned into court according to law, and that the same be recorded, and that no further action be had in the county court in reference to my estate except as herein provided. If at my death it should appear that any of the above-named executors have died before me, or if, from any cause, they, or either of them, are disqualified from accepting and executing the trusts herein provided for, then such vacancies shall be filled as above provided for.

"Item 8. Upon my death, and after the probate of this will, as aforesaid, my said executors accepting and qualified to act, as aforesaid, are hereby authorized and empowered to take possession of my entire estate, whether in money, real estate, personal or mixed, and the same to keep and hold in their possession and care, upon the trusts, terms and conditions herein provided for, for the full period of twenty-five years after my death, should my son, Peter, live so long; and at the expiration of twenty-five years my said executors shall turn over to my said son, Peter, if living, the entire residue of my estate, whether money, real, personal or mixed, with the increase and accretions to the same as provided for herein, after paying the charges of every kind and legacies herein provided for out of the same; but should my son, Peter, die before the expiration of said period of twenty-five years after my death, or before I do, then it is my desire that said trusts shall end, and that my heirs at law shall take my estate clear of the trusts, charges and incumbrances herein created, according to the laws of the state of Texas, and that my executors turn the same over to them, charged, however, with the bequests to my wife, if living.

"Item 9. It is my desire that my executors shall collect the rents promptly on my rent-paying real estate, and that they shall collect also all other incomes of my estate, from any and all other sources, from the date of my death, during the continuance of the trusts herein provided for, for the said period of twenty-five years, and that they will pay out of such income all taxes that may become due; that they will insure, and pay for same, all the buildings on the real estate belonging to my estate; that they will pay

testator, then the residuary estate should go to the testator's other heirs at law; and that by item 8 of the will, the testator's collateral heirs were constituted executory devisees, and were to take only under an executory limitation over, conditioned as above stated, and that the plaintiff, having survived the testator for the term of 25 years specified in item 8 of the will, became, on the expiration of said period, to wit, September 24, 1911, the sole, legal, equitable, and beneficial owner of all and singular the residuary estate of the testator, and that thereupon the executory limitation over to the collateral kindred became forever closed and wholly extinguished, and that thereby the collateral kindred of the testator ceased to have any interest whatsoever in said estate. That the clear gift to plaintiff by item 4 of the will was subject to a trust, in the nature of a power in trust, which did not extend to or embrace the corpus of the estate, but was confined solely to the income, and that the trustees took a chattel interest in the lands of the testator, which trust or power in trust was, up to September 24, 1911, valid and subsisting, but that upon the last-named day, the executory limitation over becoming extinguished and the plaintiff having then united in himself the en-

---

all legacies, bequests and charges upon my estate herein created and provided for, and will pay all other charges that may become necessary to preserve and protect said estate, in their judgment; that they will prosecute and defend suits, if necessary, to protect said estate, pay all such costs and charges as may be necessary in their judgment, and may employ and pay counsel for litigation and advice in the preservation and care of said estate, or in making investments of the income of the same, as in their judgment may seem best for the interest of my estate. And in case repairs become necessary, or ordinary improvements calculated to retain renters or increase the rents of the estate, they shall make the same as in their judgment may seem best for the interests of the estate. Should any building or other improvements be destroyed by fire or otherwise, they, my said executors, are hereby authorized to rebuild the same, as to them may seem best for the interests of my estate, and payable out of the income thereof by my said executors. My said executors are authorized and empowered to retain out of all moneys come into their hands from the income of said estate, or other sources, five per centum upon the gross receipts, as a compensation for their care of same, and for executing the trusts herein provided for.

"Item 10. After the payment of said legacies and charges aforesaid as they may accrue and become due, it is my desire that the residue of the income of my estate, as its accrues, shall be deposited in the State Central Bank, doing business in the City of Waco, if it be then in business, of which I am a stockholder; and whenever such deposits, or cash on hand in the hands of my said executors, shall amount to the sum of five thousand dollars, I desire that my said executors shall purchase capital stock of said State Central Bank, and hold the same as assets of said estate, collecting dividends as the same may be declared, and reinvesting whenever the said sum of five thousand dollars may be on deposit or in hand for the credit of my estate as aforesaid. But my said executors are especially authorized and empowered to invest the surplus income of my said estate in government securities, or in rent-paying real estate, as in their judgment may seem best for the interests of said estate, or they may invest in unimproved real estate in the county of McLennan, or city of Waco, in the state of Texas, and may improve the same, or may improve any unimproved property of the estate, as may seem best to them, in their judgment, for the interests of the estate.

"Item 11. All other will or parts of wills, or codicils to the same, heretofore made by me, are hereby revoked.

"In testimony whereof I have hereunto set my hand this the 22nd day of October, A. D. 1881, and declared this to be my last will and testament.

"P. McClelland.

"Signed and executed in the presence of the following witnesses, who sign and witness the same in the presence of the testator and of each other, and at the testator's request:  J. T. Walton.

"Jno. T. Flint.

tire beneficial ownership, such trust ceased and determined, or should be by a court of equity terminated. That the testator did not, either expressly or impliedly, by his said codicil revoke or cut down the clear gift made to plaintiff by item 4 of the will, nor did he by said codicil, either expressly or by necessary implication, change the condition upon which the executory devise, created by item 8 of the will, was to become operative, and that the contingency upon which such executory limitation over was to take effect had become impossible, and that therefore the executory devisees take nothing, and that the plaintiff is entitled to the estate under the will, and, in the alternative, that even though it should be held that the codicil revoked item 4 of the will, yet the plaintiff would take the estate, if not under the will, then by inheritance, because the codicil itself attempted no disposition of the estate, and because the collateral heirs of the testator cannot take under item 8 of the will, as the contingency therein provided for can never happen, and because they cannot take under the statute, as the plaintiff is the sole surviving heir at law of the testator.

The plaintiff averred that the appointment by the district court of the Nineteenth judicial district of Texas, of the defendant Rose, as substitute

---

"Codicil in lieu of items sixth and seventh of the foregoing will:

"(1) I, Peter McClelland, Sr., now here revoke clause (item 6) sixth of my foregoing will, executed and dated on the 22nd day of October, A. D. 1881, and now here appoint John E. Gilbert and William L. Prather, citizens of the county of McLennan and state of Texas, my executors to carry out the terms and execute the trusts provided for in my said foregoing will; and as I repose full confidence in their honesty, fidelity, and ability, I desire that no bond shall be required of them. Should either of my executors leave the state of Texas, and remain away for more than one year at a time, or fail to accept such executorship upon my death, such executor shall thereafter be disqualified from further acting as such. My estate shall not be considered vacant so long as either of said executors continue to act, but in case of death, resignation, failure to act, or of the disability of both of my said executors, then the county court of McLennan county shall appoint an executor with the will annexed to carry out the provisions of said will and trusts therein provided for, which executor so appointed shall be required to give bond as provided by law.

"(2) And I now here revoke item seventh of my will, and in lieu thereof I desire upon my death that my said executors, or either of them, have my said will probated in due form of law, and that they, or either of them, have a full and complete inventory and appraisement of my said estate returned into court according to law, and that the same be recorded, and that no further action be had in the county court in reference to my estate except as provided in said will or herein, and this codicil now here is made a part of said will as fully as if it had been originally incorporated herein. Upon further consideration, I desire, after my death and the death of my wife, that my son, Peter McClelland, may occupy and enjoy my homestead, if he chooses so to do, but upon the condition that he first convey back to my estate the homestead I have given him on Hogan Hill. In case he does not do so, then my homestead, upon the death of my wife, shall pass to the possession of my executors, to be administered as provided for the balance of my estate. I further desire to continue the trusts created herein in my executors for and during the natural life of my son, Peter; but, if in their judgment he is provident and careful, they may make such advances out of the estate as they may think right and proper, over and above the provisions made herein for him and in said will.

"In testimony whereof I hereunto set my hand this 17th day of August, 1886, and declare it to be my last will and codicil, in presence of the subscribing witnesses hereto.                                    P. McClelland.

"Signed in our presence, and declared by the testator, in our presence, to be his last will and codicil thereto.                    Jno. T. Flint.
                                                   "D. S. Wood.
                                                   "W. N. Orand."

trustee, was proper, because Prather, the original trustee, died prior to the lapse of 25 years from the death of the testator, and because, at the time of such appointment, to wit, March 17, 1906, the collateral heirs, as executory devisees, had a subsisting contingent interest, and the trust, during that time, was valid, and was not wholly executed at the time of the death of Prather, the original trustee.

The plaintiff averred that he was entitled to the full, quiet, immediate, and undisturbed possession and enjoyment of the estate of the testator, and he prayed for a decree to that effect; and, in the alternative, he prayed that, if, for any reason, he was not now entitled to be let into the possession of the estate, yet that he have a decree adjudging the alleged claims of the collateral heirs or executory devisees, and each of them, void, and that they, and each of them, be decreed not to have any interest whatsoever in the estate or in any part thereof, and, further, that the plaintiff, subject to the trust of the revenues for and during his natural life, should such trust be valid, be decreed to be the owner of the said estate, so that, upon his death, the same should devolve upon his heirs at law, or in accordance with any such testamentary disposition as he may choose to make thereof.

The defendants jointly demurred to the bill, and alleged numerous grounds of demurrer, among others: (a) That the plaintiff has not, by the bill, stated such cause "as doth or ought to entitle him to any such discovery or relief as is hereby sought and prayed for from or against these defendants"; and (b) "that said bill shows that the complainant has no right, title, or estate in the property of said Peter McClelland, his only interest therein being the right to the monthly allowance to be paid to him by the trustee, as provided by said will."

The District Court sustained the demurrer and dismissed the bill. The plaintiff, on appeal, assigns as error, with elaborate and numerous specifications, that the District Court erred in sustaining the demurrer and dismissing the bill.

Francis Marion Etheridge and Joseph Manson McCormick, both of Dallas, Tex., for appellant.

Richard Irby Munroe and James Richard Downs, both of Waco, Tex. (L. C. Penry, of Plainview, Tex., and J. R. Webb, of Waco, Tex., on the brief), for appellees.

Before PARDEE and SHELBY, Circuit Judges, and SHEPPARD, District Judge.

SHELBY, Circuit Judge (after stating the facts as above). There is apparently much conflict in the authorities construing wills. This comes from the fact that forms of expressions in wills are often nearly alike, yet varying in minute shades of meaning. But, of all legal instruments, wills are the least to be governed in their construction by the settled use of technical legal terms. Referring to these conflicts and uncertainties, it was said by Mr. Justice Miller that:

"It may well be doubted if any other source of enlightenment in the construction of a will is of much assistance, than the application of natural reason to the language of the instrument under the light which may be thrown upon the intent of the testator by the extrinsic circumstances surrounding its execution, and connecting the parties and the property devised with the testator and with the instrument itself." Clarke v. Boorman's Executors; 18 Wall. 493, 502, 503 (21 L. Ed. 901).

The ultimate practical question involved in this controversy is as to the ownership and the right to the possession of the testator's estate. The plaintiff claims it as devisee under the will, and, in the alternative, as sole heir at law. The plaintiff is the testator's only child, and, if

the will be not considered, he would be the owner as sole heir. If the will fails to dispose of any interest in the property, that interest would pass to the plaintiff as the testator's sole heir. The defendants—the testator's collateral kin—claim the estate under the will and codicil. They claim that, properly construed, the will and codicil gives the estate to them, depriving the plaintiff of any right to it.

[1] There is a dispute as to what interest was devised by the will as originally executed, and also a controversy as to the effect of the codicil on the will as first written. Both the will and the codicil must, of course, be construed as one instrument; but the true meaning can be best ascertained by an examination, first, of the will as originally executed, and, then, by an examination of the codicil to see what changes it effects.

[2] Disregarding the codicil for the present, items 4 and 8 are the parts of the will that would be controlling. They are as follows:

"Item 4. I give and bequeath to my beloved son, Peter McClelland, Junior, should he survive me, all the residue of my estate, real, personal and mixed, to be received, however, and enjoyed by him only in futuro, upon the terms, conditions, incumbrances, trusts and stipulations herein provided for, which said estate shall be held by my executors, controlled and managed as herein provided, in trust for my said son, Peter, for twenty-five years from and after my death, before the same shall be turned over to my said son, except such provisions and legacies as are herein made for the support and maintenance of my said son during the said period of twenty-five years, should he live so long."

"Item 8. Upon my death, and after the probate of this will, as aforesaid, my said executors accepting and qualified to act, as aforesaid, are hereby authorized and empowered to take possession of my entire estate, whether in money, real estate, personal or mixed, and the same to keep and hold in their possession and care, upon the trusts, terms, and conditions herein provided for, for the full period of twenty-five years after my death, should my son, Peter, live so long; and at the expiration of twenty-five years my said executors shall turn over to my said son, Peter, if living, the entire residue of my estate, whether money, real, personal, or mixed, with the increase and accretions to the same as provided for herein, after paying the charges of every kind and legacies herein provided for out of the same; but should my son, Peter, die before the expiration of said period of twenty-five years after my death, or before I do, then it is my desire that said trusts shall end, and that my heirs at law shall take my estate clear of the trusts, charges, and incumbrances herein created, according to the laws of the state of Texas, and that my executors turn the same over to them, charged, however, with the bequests to my wife, if living."

Item 4 is a clear gift and bequest of the estate to the plaintiff, with a provision that it is to be held and controlled by the testator's executors in trust for his son for 25 years after the testator's death before it shall be turned over to the plaintiff. Item 8 contains an express provision that, at the expiration of the 25 years after the testator's death, if his son is then living, the executor "shall turn over to my said son, Peter," the entire estate. The 25 years since the testator's death having expired, if there had been no codicil, the executors or trustees would be required to now surrender the entire estate to the plaintiff. The last lines of item 8 contain a devise over, should Peter, Jr., die before the expiration of 25 years after the testator's death, and it is upon this language that the defendants base their claim. But

Peter did not die within the 25 years—he lived beyond the stipulated period, and is still living. There is no bequest over whatever unless the testator's son, the plaintiff, die before the expiration of the period of 25 years; and it is difficult to see how it is possible for the defendants to derive any interest or title from a devise based on a contingency which did not, and now cannot, occur. Peter, Jr., not dying within the 25 years, the devise over is wholly inoperative. Item 5 provides for monthly installments for Peter, Jr., "until he shall have come into possession of my estate as herein provided"; the intention being to afford him a support till the expiration of the 25 years.

It is contended by the plaintiff that the language employed in items 4 and 8 vests in him, subject to the trust created by the will, an equitable estate in fee defeasible by an executory devise over. Revised Statutes of Texas 1879, § 551; Britton v. Thornton, 112 U. S. 526, 532, 5 Sup. Ct. 291, 28 L. Ed. 816; Seay v. Cockrell, 102 Tex. 280, 115 S. W. 1160; Laval v. Staffel, 64 Tex. 370; Chase v. Gregg, 88 Tex. 552, 32 S. W. 520. This contention is not material as to issues necessary to be decided now, as the testator died leaving the plaintiff sole heir, and the contingency upon which the devise over depended not having occurred, and there being no other devise of the estate, if it did not pass in fee to the plaintiff by the will, subject to the trust, it so passed to him by inheritance on the testator's death. He is entitled to the protection of his rights by the courts, whether he obtains them the one way or the other.

This brings us to the consideration of the codicil. There is nothing in the codicil which revokes, or is in conflict with, the devise made by item 4. The codicil contains no words that can be construed as a bequest or devise to the defendants. The following is the only part of it which effects any change in the will which is relevant to the question here involved:

"I further desire to continue the trusts created herein in my executors for and during the natural life of my son, Peter; but, if in their judgment he is provident and careful, they may make such advances out of the estate as they may think right and proper, over and above the provisions made herein for him and in said will."

The effect of this clause is to extend the trust from the time of the expiration of the 25 years after the testator's death till the death of the plaintiff, and to allow the executors to make additional advances to the plaintiff. The trust, therefore, did not terminate, giving the plaintiff the right of possession at the expiration of the 25 years, but is a continuing trust during his life. The estate and interest conferred on the plaintiff by item 4 is not affected otherwise than cutting off his right to possession at the end of the 25-year period. The plaintiff appears to be, both by the will and the codicil, the chief object of the testator's bounty and solicitude.

[3, 4] It does not seem to be denied that the trust created by the will to last 25 years was valid. We cannot see why it cannot be extended for the donee's life. There is no reason in the recognized nature of property and in the owner's right of disposition why a testator "who gives without any pecuniary return, who gets nothing of property value

from the donee, may not attach to that gift the incident of continued use, of uninterrupted benefit of the gift, during the life of the donee. Why a parent, or one who loves another, and wishes to use his own property in securing the object of his affection, as far as property can do it, from the ills of life, the vicissitudes of fortune, and even his own improvidence or incapacity for self-protection, should not be permitted to do so, is not readily perceived." Nichols, Assignee, v. Eaton et al., 91 U. S. 716, 727 (23 L. Ed. 254); Wallace v. Campbell, 53 Tex. 229. We see nothing in the language of the codicil continuing the trust for the life of the plaintiff which deprives him of any estate conferred on him by the will or by law, or which confers on, or gives to, the defendants any interest in the estate. The effect is, of course, to deprive the plaintiff of the right of possession at the end of the 25-year period fixed by the will. It continues to protect him during life against ill fortune, and probably against his own incompetence and incapacity.

Our attention has been called to a number of cases which relate to the will we are construing.[2] We have carefully examined them all, and do not find that any one of them is controlling as against the rights of the plaintiff determined by this opinion. Comment on them here would serve no useful purpose.

There are several questions discussed in the briefs that we do not deem it necessary or advisable to decide. Some of them may arise on the further consideration of the case in the court below, and others after the death of the plaintiff. A demurrer has been sustained, and the bill dismissed. If the plaintiff is entitled to any relief on the averments of the bill, the decree must be reversed.

We are of the opinion that, on the averments of the bill, the plaintiff is the owner of the estate devised and in controversy, subject to the trusts created by the will; that the defendants—testator's collateral kin—have no interest, under the will, in the same; and that the plaintiff, the averments of the bill being admitted or proved, should have a decree to that effect.

The decree is reversed and the cause remanded, with instructions to overrule the demurrer, and for further proceedings.

[2] NOTE.—The following are the cases referred to: Prather et al. v. McClelland, 76 Tex. 574, 13 S. W. 543; Prather v. McClelland (Tex. Civ. App.) 26 S. W. 657; McClelland v. McClelland (Tex. Civ. App.) 37 S. W. 350; Wood et al. v. McClelland et al. (Tex. Civ. App.) 53 S. W. 381; McClelland v. McClelland, 46 Tex. Civ. App. 26, 101 S. W. 1171; Sanger v. Rovello et al., 173 Fed. 1022, 97 C. C. A. 669.