McCLELLAND v. ROSE et al.†

ROSE et al. v. McCLELLAND.

(Circuit Court of Appeals, Fifth Circuit. April 14, 1915.)

Nos. 2652, 2688.

APPEAL AND ERROR ☞1096—LAW OF THE CASE—SUBSEQUENT APPEALS.

The losing parties to an adjudication on appeal were not entitled on a subsequent appeal to have reopened the controversy finally settled on the first appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1177, 4353–4357; Dec. Dig. ☞1096.]

Appeals from the District Court of the United States for the Western District of Texas; Thomas S. Maxey, Judge.

Action by Peter McClelland, Jr., against John K. Rose and others. From the decree, both plaintiff and defendants appeal. Modified and affirmed.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

† Rehearing denied May 28, 1915.

Francis Marion Etheridge, Joseph Manson McCormick, and Henri Louis Bromberg, all of Dallas, Tex., for plaintiff.

Richard Irby Munroe, James Richard Downs, and James Richard Webb, all of Waco, Tex., for defendants.

Before PARDEE and WALKER, Circuit Judges, and SHEPPARD, District Judge.

PER CURIAM. The relief granted by the decree which is presented for review was, in view of the situation disclosed by the evidence, appropriate in giving effect to the terms of the will of Peter McClelland, Sr., as that instrument was construed by this court on the former appeal. McClelland v. Rose, 208 Fed. 503, 125 C. C. A. 505. The losing parties to that adjudication are not entitled on this second appeal to have reopened the controversy which was thereby finally settled. Bell v. Arledge, 219 Fed. 675, —— C. C. A. ——. The present appeal presents for review no ruling which would warrant a reversal of the decree at their instance.

The assignments of error made on the appeal of Peter McClelland, Jr., now the sole beneficiary of the trust created by the will of Peter McClelland, Sr., impute to the decree appealed from a meaning which, in our opinion, its terms do not express. We find nothing in that decree which has the effect of a denial of the right of the present trustee to exercise, under the direction of the court, the power conferred on the original trustees by the provision in the codicil to the effect that if, in their judgment, Peter McClelland, Jr., is provident and careful, they may make such advances out of the estate as they may think right and proper over and above the provisions made for him in the will and the codicil thereto. Another provision of the codicil makes it manifest that it was contemplated by the testator that one who in the manner prescribed by him might be substituted as trustee in case of the death, resignation, failure to act, or disability of both of the trustees named by the testator was expected "to carry out the provisions of said will and trusts therein provided for."

With reference to this matter the meaning of the decree appealed from may be made clear by a modification of it, and it will be here modified by adding thereto the following provision:

"It is further ordered, adjudged, and decreed that if the trustee shall hereafter, under the direction and control of this court or any other court seized of jurisdiction, find that the plaintiff is provident and careful within the terms and meaning of paragraph 2 of the codicil of August 17, 1886, and thus entitled to advances of and from the trust estate, such trustee may, under the direction and control of the court, make such advances."

As thus modified, the decree is affirmed. The costs will be taxed against the defendants in the court below.