. HOFFMAN et al. v. ROSE.　(No. 6123.)

(Court of Civil Appeals of Texas. Austin. Dec. 3, 1919. Rehearing Denied Jan. 7, 1920.)

1. EXECUTION ⬳41—PROPERTY OF SPENDTHRIFT TRUST CANNOT BE TAKEN.

No part of a spendthrift trust estate in the hands of the trustee could be taken on execution by any creditors of the cestui que trust.

2. ATTACHMENT ⬳49, 50 — ONLY PROPERTY SUBJECT TO EXECUTION MAY BE ATTACHED.

A writ of attachment may not be legally levied upon any property except such as is subject to levy under execution.

3. ATTACHMENT ⬳58—TRUST ESTATE CANNOT BE SOLD.

Although it was the intention of attaching creditors to sell the interest of the beneficiary of a spendthrift trust, leaving the trustee's possession undisturbed during the existence of the trust, such sale cannot be sanctioned, but will be enjoined, as the testator's intention cannot be thus defeated by a sale of any part of the corpus of the trust estate.

4. JUDGMENT ⬳452—WILL NOT BE VACATED BECAUSE OF SUBSTITUTED SERVICE, WHERE PERSON SERVED DOES NOT OBJECT.

In a suit to enjoin sale of trust property on attachment, plaintiff's contention that the judgment was void, because rendered solely on substituted service upon the cestui que trust, a nonresident, for the reason that; the property taken not being attachable, the judgment was in personam, was properly overruled, where the cestui was not a party to the injunction suit, and did not urge the invalidity of such judgment.

5. JUDGMENT ⬳713(3) — NOT RES JUDICATA WHERE THERE IS DIVERSITY OF ISSUES AND PARTIES.

Judgment obtained in a wife's divorce and partition suit, giving the wife no interest in income from spendthrift's trust estate devised to husband, held not res adjudicata in a suit to enjoin attachment sale of part of the corpus of such trust estate, in which latter suit the husband was not a party.

Appeal from District Court, McLennan County; W. M. Sleeper, Special Judge.

Suit by Jno. K. Rose, trustee, against W. H. Hoffman and others. Judgment perpetuating injunction, defendants' motion for new trial overruled, and defendants appeal. Affirmed.

M. C. H. Park, Albert Boggess, Robert H. Rogers, and D. A. Kelley, all of Waco, for appellants.

Marshall Surratt, of Waco, and Etheridge, McCormick & Bromberg, of Dallas, for appellee.

BRADY, J. Appellee brought this suit against appellants to restrain them from selling certain real estate in the city of Waco, McLennan county, Tex., under an order of sale issued out of the district court of that county in cause No. 6258, styled W. H. Hoffman et al. v. Peter McClelland, Jr. The judgment under which the order of sale issued foreclosed an attachment lien in favor of appellants against Peter McClelland, Jr. The property originally belonged to the estate of Peter McClelland, Sr., deceased, and was at the time of the filing of this suit in the possession of appellee, Jno. K. Rose, as trustee, for the purpose of carrying out the trust created by the will of Peter McClelland, Sr.

A temporary injunction was granted in the present suit and the sale enjoined. Appellants filed a motion to dissolve the injunction, and a hearing was had upon the merits, the result being a judgment in favor of appellee perpetuating the injunction. Appellants filed a motion for new trial, which was overruled, and they have appealed.

The findings of fact and conclusions of law by the trial court show all the material facts proven on the trial, fairly disclose the issues involved, and suggest the questions presented on this appeal. They are therefore copied in the statement of the case, and are as follows:

"Findings of fact.

"(1) I find that Peter McClelland, Sr., died on the 24th day of September, 1886, and that Peter McClelland, Jr., was his only child, and is now living in the state of California.

"(2) That at the time of the death of Peter McClelland, Sr., he owned in fee simple the lots in controversy herein, together with other property, real and personal.

"(3) That Peter McClelland, Sr., executed a will, which was duly probated, a copy of which will being attached to plaintiff's first amended original petition and offered in evidence herein.

"(4) That said will appointed, among others, W. L. Prather, independent executor, he (Prather) being the only one qualifying in accordance with said will.

"(5) That said will created a spendthrift trust in favor of Peter McClelland, Jr., for his life.

"(6) That said will invested in said executor, only for the life of Peter McClelland, Jr., the possession, control, and management of the lots in controversy herein, and all other property, real and personal, owned by Peter McClelland, Sr., at his death, with discretion as to the amount of the income to be paid said Peter McClelland, Jr., during his life.

"(7) That by item 4 of the will of said Peter McClelland, Sr., and the codicil thereto, he devised the residue of his estate, including the lots in controversy, to his son Peter McClelland, Jr., subject to the spendthrift trust created by said will and codicil, and subject to a contingent remainder in the heirs at law of said testator should his said son Peter die before

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the expiration of the twenty-five years after the death of the testator, as provided by item 8 of said will; and I find that said twenty-five year period has expired, and said Peter McClelland, Jr., still lives, so that he is now vested, under said will and codicil, with the full fee-simple title to the lots in controversy, subject to the spendthrift trust created by said will and codicil, which is to continue for the life of said Peter McClelland, Jr.; and I understand the said will and codicil was so construed by the court in cause No. 8, Equity, entitled Peter McClelland, Jr., v. John K. Rose et al., in the U. S. District Court at Waco, reported in 208 Fed. 503, 125 C. C. A. 505, and supplemental decision in said cause reported in 222 Fed. 67, 137 C. C. A. 519.

"(8) That after the death of W. L. Prather, John K. Rose was duly appointed and qualified as trustee to further execute said trust during the life of Peter McClelland, Jr., and no longer, and was in possession of, managing and controlling, the lots in controversy in the execution of such trust at the time the attachment was levied in suit No. 6258, W. H. Hoffman et al. v. Peter McClelland, Jr., in this court, and is now in possession and control of said lots, executing said trust.

"(9) That on the ―― day of ――, 1895, Dora W. McClelland instituted a suit in the district court of McLennan county, Texas, in cause No. 75, entitled Dora W. McClelland v. Peter McClelland et al., against Peter McClelland, Jr., and W. L. Prather, trustee of the estate of Peter McClelland, deceased, for a divorce against Peter McClelland, Jr., and partition, wherein she claimed that she, as the wife of Peter McClelland, Jr., had an interest in all of the income from the properties of the estate of Peter McClelland, deceased, and obtained a judgment therein in the district court against said Peter McClelland, Jr., and W. L. Prather, as such trustee, from which judgment the said Peter McClelland, Jr., and W. L. Prather, trustee, appealed to the Third Supreme Judicial District Court of the state of Texas, where said judgment was affirmed in part as to said Peter McClelland, Jr., for the sum of three thousand ($3,000.00) dollars, and was reversed and rendered in favor of Peter McClelland, Jr., and the said W. L. Prather, trustee, as to the sum of forty-two thousand ($42,000.00) dollars, which had been rendered in the court below against the said Peter McClelland, Jr., and the said W. L. Prather, trustee, as more specifically set out in the case of McClelland v. McClelland, reported in 37 S. W. 350, here referred to.

"(10) That thereafter, in 1905, the defendants herein (other than S. S. Fleming, sheriff), claiming as heirs and assignees of the said Dora W. McClelland, brought suit in the district court of McLennan county, Texas, in cause No. 3694, styled Heirs of Dora W. Hoffman v. Peter McClelland, Jr., to revive said judgment obtained by said Dora W. McClelland against said Peter McClelland, Jr., in said cause No. 75, and obtained personal service upon said Peter McClelland, Jr., in McLennan county, Texas, and thereafter, on the 30th day of September, 1905, obtained a judgment against said Peter McClelland, Jr., reviving said former judgment for the sum of four thousand seven hundred and seventy-seven & 50/100 ($4,777.50) dollars, as more particularly shown by Exhibits E and F attached to defendants' answer herein, which is here referred to.

"(11) That thereafter, to wit, on the 28th day of January, 1915, the defendants herein (other than Fleming, sheriff) instituted a suit in the district court of McLennan county, Texas, against Peter McClelland, Jr., to revive said last-named judgment, alleging that said Peter McClelland, Jr., was a citizen of, and residing in, the county of Los Angeles and state of California, said cause being numbered 6258, and entitled W. H. Hoffman et al. v. Peter McClelland, Jr., and at the same time caused an attachment to be issued in said suit against said Peter McClelland, Jr., and caused the same to be levied upon said lots 1, 2, 3, 4, in block No. 6, in the city of Waco, in McLennan county, Texas, on said 28th day of Jany., 1915, and caused notice to be issued out of said court in said cause, as provided by statute, addressed to Peter McClelland, Jr., of said county of Los Angeles and state of California, which said notice was served upon said Peter McClelland, Jr., on the 10th day of February, 1915, in said county of Los Angeles and state of California; and thereafter, on the 24th day of May, 1915, judgment by default was rendered in said cause in favor of the plaintiffs therein against the said Peter McClelland, Jr., reviving said last-named judgment against Peter McClelland, Jr., for the sum of $7,567.54, and foreclosing said attachment lien against said lots 1, 2, 3, 4, in block No. 6 of the city of Waco, McLennan county, Texas, and ordering the same to be sold for the payment of said judgment. There was no other service had upon said Peter McClelland, Jr., in said cause No. 6258, than said notice which was served upon him in California, and he did not appear nor answer in said cause.

"(12) Thereafter, on May 9, 1916, the plaintiffs in said cause No. 6258 caused an order of sale to be issued on said judgment rendered in, said cause, and placed the same in the hands of S. S. Fleming, sheriff, and he on said date levied the same upon said lots 1, 2, 3, 4, in block No. 6 of the city of Waco, and advertised the same for sale on the first Tuesday in June, 1916, which were at that time in the hands of the plaintiff, John K. Rose, trustee of the estate of Peter McClelland, deceased, and being administered by him as a part of the estate of said Peter McClelland, deceased, and thereupon said John K. Rose, trustee, brought this suit against the defendants herein, alleging that Peter McClelland, Jr., had no interest in said lots which was subject to sale for the payment of his debts, and praying for an injunction to restrain defendants from making such sale, and a temporary injunction was issued herein, and this trial was had to determine whether or not said temporary injunction should be perpetuated.

"(13) That at the suggestion of John K. Rose (the plaintiff herein), Peter McClelland, Jr., F. M. Etheridge, J. M. McCormick, and a great number of other persons alleged to be in the class of 'my heirs at law' in will of Peter McClelland, Sr., were made parties to this suit, by reason of which Peter McClelland, Jr., filed a supplemental bill in No. 8 equity, U. S. District Court, asking that the original decree rendered in said cause be extended to and embrace all persons coming within the class designated 'my heirs at law' in the will of Peter

McClelland, Sr.; that judgment was rendered upon said bill on January 26, 1918, extending such decree to persons of the class of 'my heirs at law' made parties herein, and to all others in such class, and enjoining all such from claiming any interest in the property of Peter McClelland, Sr., against Peter McClelland, Jr.; that by reason of such decree and injunction all of the persons made parties at the suggestion of plaintiff, except those parties to order of sale, were dismissed.

"(14) The defendants in their pleadings declared, and also asserted in open court, that they did not intend to take possession of the property in the hands of John K. Rose during his trusteeship, nor interfere with his possession, nor with the administration of the estate during the life of Peter McClelland, Jr., and the court finds it a fact, based upon these admissions and declarations, that any sale made by the defendants under the order of sale based upon their judgment against Peter McClelland, Jr. (if they were allowed to make such sale), would not 'interfere with the possession of the trust estate now in the hands of John K. Rose as trustee, or any successor of his as such, during the lifetime of Peter McClelland, Jr.

"Conclusions of Law.

"(1) I find that the decree in the case of 'Dora McClelland v. Peter McClelland, Jr., in cause No. 75, in this court, and reported in 37 S. W. 350, is not res adjudicata as against the defendants as to the issues involved in this present proceeding.

"(2) That the judgments and decrees rendered in cause No. 8 in the case of McClelland v. Rose, in the · District Court of the United States for the Western District of Texas, and disposed of by the Circuit Court of the United States, as shown by the opinions reported in 208 Fed. 503, 125 C. C. A. 505, and in 222 Fed. 67, 137 C. C. A. 519, vested in Peter McClelland, Jr., a vested remainder in fee in the property in controversy, subject, however, to the trust thereupon created by the will of Peter McClelland, Sr., deceased, which is being carried out by John K. Rose as trustee during the life of Peter McClelland, Jr.

"(3) I find that the judgment in the defendants' favor against Peter McClelland, Jr., in cause No. 6258, shown in Exhibit C to defendants' answer herein, which was rendered on the 24th of May, 1915, foreclosing an attachment lien against lots 1, 2, 3, 4 in block No. 6 in the city of Waco, in McLennan county, Texas, and that said judgment ordering the sale of said property to satisfy defendants' debt and judgment amounting to $7,567.54, was valid and binding, and that the court had jurisdiction to foreclose said attachment lien, but that the same is not enforceable on account of what is hereinafter stated.

"(4) Referring to the case of Lindsey v. Rose, 175 S. W. 832, I feel that I am bound by the decision therein made, which holds that the property in controversy constitutes a part of what is known as a spendthrift trust now being administered by John K. Rose pursuant to the provisions of the will of Peter McClelland, Sr., deceased, and that Peter McClelland, Jr., has no interest in said property which can be seized and sold for the payment of his debts, and that John K. Rose, trustee, has

authority to protect the trust estate which he is administering as well as the remainder interest of Peter McClelland, Jr., from being sold for the payment of his debts, ·notwithstanding the fact that the contemplated sale of the remainder estate which the defendants proposed to make would not interfere, and would not be allowed to interfere, with the possession of John K. Rose, or with the administration of the trust that he is carrying out during the lifetime of Peter McClelland, Jr.

"Feeling that I am bound by this decision, I overrule the defendants' motion to dissolve the said injunction, and direct that said injunction be made perpetual, and that an order will be enforced accordingly."

Opinion.

The will of Peter McClelland, Sr., has been before this court in the following cases: McClelland v. McClelland, 37 S. W. 350; Wood v. McClelland, 53 S. W. 381; McClelland v. McClelland, 46 Tex. Civ. App. 26, 101 S. W. 1171; and Lindsey v. Rose, 175 S. W. 829. These cases all involved the construction of the will and codicil, and from first to last this court has uniformly held that the will and codicil of Peter McClelland, Sr., created an active trust, and what is known as a spendthrift trust, and vested the legal title of the property in controversy, together with all its accumulations, in the trustee, during the continuance of the trust, with Peter McClelland, Jr., as sole beneficiary of the trust estate. The trust was originally for the term of 25 years, but by the codicil it was extended to the life of Peter McClelland, Jr.

It was further held in the case of Lindsey v. Rose, supra, in which a writ of error was denied by the Supreme Court, that under the terms of the will, Peter McClelland, Jr., had no interest which was subject to execution and sale by his creditors. In the opinion it is expressly stated:

"Such being our construction of the will as modified by the codicil, we hold that Peter, Jr., took no interest thereunder that is subject to his debts."

After stating that the agreed statement of facts showed the primary and paramount purpose of the testator was to prevent his son Peter, Jr., from getting possession of his property and squandering it, Justice Jenkins, speaking for this court, said:

"It was the purpose of the codicil to forever preclude the possibility of his doing so. This purpose would be thwarted if Peter's creditors were entitled to sell the property under execution, and the purchasers obtain title thereto, even though their right of possession should be delayed until the death of Peter, Jr."

The Circuit Court of Appeals for the Fifth District, in the case of Sanger v. Rovello, 173 Fed. 1022, 97 C. C. A. 669, held that an execution purchaser took no better title to the property purchased than Peter McClelland, Jr., had, and that Peter had no title subject to

execution, "as settled in the courts of the state of Texas long prior to plaintiff in error's purchase"; citing the decisions by this court in 37 S. W., 53 S. W., and 101 S. W., supra.

The Circuit Court of Appeals for the same district, however, in McClelland v. Rose, 208 Fed. 503, 125 C. C. A. 505, differed with this court as to the construction to be placed upon the will and codicil. In a contest between the other heirs of Peter McClelland, Sr., and Peter, Jr., it was held by that court that the codicil did not deprive Peter, Jr., of any estate conferred on him by the will or by law, but merely the right of possession; and that Peter, Jr., having survived the period of 25 years after the testator's death, the effect of the will was to vest in him the absolute beneficial title and ownership of the residue of the estate, subject to the trust during his life. It was further held that the testator's collateral heirs, who would have taken under the will in case Peter, Jr., had not survived the 25-year period, took no interest in the estate. In that case, however, the liability of the estate for the debts of Peter, Jr., was not involved. The court had before it the decisions of this court to which we have referred, and it was stated in the opinion that they had all been carefully examined, and none was found controlling as against the rights of Peter, Jr., determined by the opinion. The decision was rendered before that of Lindsey v. Rose, and was considered by this court in the latter case. It was sought to be distinguished upon the ground that the case did not involve the question of the liability of the estate for Peter, Jr.'s, debts, and with this statement:

' "In the instant case we are not concerned with who shall take the estate upon the termination of the trust, except in so far as that issue involves the liability of the estate for Peter, Jr.'s, debts."

[1] It would seem that the decision of this court in Lindsey v. Rose cannot be successfully distinguished from the present case, and that it is conclusive upon the proposition that no part of the trust estate in the hands of the trustee can be taken on execution by any creditor of Peter McClelland, Jr. There a threatened execution sale was enjoined, and in the instant case an attempted attachment sale was enjoined.

[2] Under our statutes a writ of attachment may not be legally levied upon any property, except such as is by law subject to levy under writ of execution.

[3] Appellants, however, seek to differentiate the two cases upon the ground that in Lindsey v. Rose the attempt of the creditor was to seize the corpus of the estate, and take it away from the trustee, and thereby destroy the trust estate and also the income; whereas, in the present case, it is sought only to sell the interest of Peter McClelland, Jr., but to leave the possession of the trustee undisturbed during the existence of the trust. To our minds the distinction is without difference. The estate, by the terms of the will, having been impressed with a spendthrift trust, the purpose of the testator cannot be permitted to be defeated by the sale of any part of the corpus of the estate and the passing of the legal title, which we have repeatedly held was vested in the trustee during the life of the trust.

After a careful consideration of the question, we have decided to adhere to the former holdings of this court, and to overrule the contention of appellants that the trial court erred in perpetuating the injunction and restraining the sale under attachment. This conclusion results in, the overruling of all of appellants' assignments of error, which in diverse forms present substantially the same question. It is but simple justice to say, however, that the questions have been ably presented by appellants' counsel in their briefs and in oral argument, but it is thought that no useful purpose will be subserved by a more elaborate discussion of the matter.

For the reasons which have induced our conclusion we refer to the discussions in the previous opinions of this court in the cases cited; and we also cite the following additional authorities: Wallace v. Campbell, 53 Tex. 229; Chase v. Bank, 89 Tex. 316, 36 S. W. 406, 32 L. R. A. 785, 59 Am. St. Rep. 48; Potter v. Couch, 141 U. S. 296, 11 Sup. Ct. 1005, 35 L. Ed. 721; Meek v. Briggs, 87 Iowa, 610, 54 N. W. 456, 43 Am. St. Rep. 410.

In cross-assignments of error appellee presents substantially two questions: First, that the judgment in cause No. 6258, Hoffman et al. v. Peter McClelland, Jr., a revival of cause No. 3694, which itself revived the judgment reported in 37 S. W. 350, was void because rendered solely upon substituted service upon the defendant Peter McClelland, Jr., who was a citizen and resident of the state of California. The claim is that, the property attached not being subject to attachment, the action and judgment became in personam, and a personal judgment, under the service had, was void. Second, that the judgment in cause No. 75, in the district court of McLennan county, and reported in 37 S. W. 350, was res adjudicata as to appellants, and conclusive upon them as to the issues sought to be adjudicated in cause No. 6258, in which the judgment here enjoined was rendered.

[4] As to the first question we think it is sufficient to say that Peter McClelland, Jr., the defendant in cause No. 6258, is not a party to this suit, and is not urging the invalidity of the judgment rendered. While no opinion is expressed as to the validity of the judgment in a direct action by Peter McClelland, Jr., to set it aside, or in an answer by him to resist its enforcement, we do not think it would have been proper for the trial court in this action, and with the parties before it, to have rendered a decree

declaring the judgment void. The judgment as it stands, eliminating the property attached, is a personal judgment against Peter McClelland, Jr., and until set aside, or resisted in a proceeding to enforce it, is enforceable by execution upon any property belonging to Peter McClelland. In these circumstances the trial court did not err in refusing to vacate and annul such judgment.

[5] As to the question of res adjudicata, it is also to be remembered that Peter McClelland, Jr., is not a party to this suit. In McClelland v. McClelland, 37 S. W. 350, this this court affirmed the judgment for divorce for the value of the wife's separate property, which Peter McClelland, Jr., had appropriated, and for attorney's fees. It is this judgment, revived in cause No. 6258, which appellants were seeking to enforce under the order of sale issued in the latter cause. The remainder of the judgment before this court in 37 S. W. 350, related to the wife's claim of an interest in the rents and revenues that had accumulated since the death of Peter McClelland, Sr., the basis of the wife's claim being an alleged community interest. This court held that such rents and interest being a part of the trust estate in the hands of the executor, and Peter McClelland, Jr., having no right of possession for a period of 25 years under the will, which had not then expired, the wife had no greater interest in the property than her husband, and that therefore she could not recover any interest in the income as a part of the community estate. These were the only issues before the court, and Peter McClelland, Jr., not being a party to the instant suit, we do not think the judgment of this court in 37 S. W. can be urged as an estoppel in the present case, which involves merely an attempt to subject a part of the corpus of the estate to appellants' claim, affirmed by the judgment of this court, without disturbing the possession of the trustee,

- In our opinion the trial court did not err in concluding that the former decree was not res adjudicata as against appellants in the instant suit, as to the issues involved in the present proceeding.

The cross-assignments of appellee are overruled; and, finding no reversible error in the record, the judgment of the trial court is affirmed.

Affirmed.