## CAPLES v. BUELL. (No. 346–3722.)*

(Commission of Appeals of Texas, Section A. Oct. 11, 1922.) ·

Trusts ⟨≈⟩ 151(1)—Child's interest in mother's estate held not subject to attachment during continuance of trust in view of express provision of will.

Where will created trust for specified period for benefit of the children of testatrix, to whom the estate was to be distributed upon the termination of the trust, and empowered trustees to sell or incumber the property and in the event of a sale to reinvest the proceeds, and where the will expressly provided that the property during the continuance of such trust should not be subject to attachment or other judicial process, a creditor of one of the children could not during the continuance of the trust attach the child's interest therein.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by Muriel Buell against William J. Caples. Judgment for plaintiff affirmed by the Court of Civil Appeals (234 S. W. 429), and defendant brings error. Judgments of Court of Civil Appeals and district court reformed in part, otherwise affirmed.

Lea, McGrady, Thomason & Edwards, of El Paso, for plaintiff in error.
Burges & Burges, of El Paso, for defendant in error.

SPENCER, P. J. This was an action by Muriel Buell against William J. Caples upon a judgment obtained in the state of California. Coincident with the filing of the suit, Buell sued out a writ of attachment and levied on certain lands in El Paso county, Tex. Plaintiff Marr, Joseph Caples, and Edward Caples, executors and trustees under the will of Margaret A. Caples, were made parties defendant.

· The interest of William J. Caples in the land is by virtue of the provisions of the will of his mother, Margaret A. Caples, which, in so far as it affects the question at issue, reads:

"2. In lieu of and in place of paragraphs five, six, seven and eight of my said will, I now will, devise and bequeath as follows: All of my estate including the interest of my deceased husband as above stated and except that disposed of by paragraphs 2 and 3 of my said will, I will, devise and bequeath in trust to my sons, Edward Caples and Joseph Caples, and my friend James L. Marr, as trustees, for the purposes, uses, and with the authority herein stated; such trustees shall hold such estate for the term of ten years and have the legal title and possession thereof and shall keep same in repair, insured against fire, taxes paid, rent and manage same in a judicious manner, collect the rents and income therefrom, pay their own fees and expenses of management and pay one-fifth of the net income therefrom monthly to my daughter, Margaret Barnes, not to exceed three hundred dollars per month for her maintenance and the other four-fifths of such net income to the extent of four hundred dollars per month shall be paid to my four sons equally, that is, $100.00 per month to each son for their maintenance, and said trustees may in their discretion pay my said sons from time to time more of said 4/5 income for their maintenance, such extra amount to be determined from time to time by my trustees, but on all occasions each son to be treated alike and with equality. All such payments to my sons and daughter to be made to them personally and no part of any such income shall ever be transferred or assigned by any of them and shall not be subject to any judicial process against any of them, at any time before same has been paid over to the beneficiary as herein provided. Should either of my children die before the expiration of said ten years then the child or children of such deceased child, if any, shall succeed to the rights of the child so dying. My said trustees may dispose of any part of said trust estate in the manner indicated by paragraph nine, ten and eleven of my said will and reinvest the same. At the expiration of this trust if one child has drawn more income than another he or she shall duly account for such excess in the division of my estate. At the expiration of ten years from the date of my death I give, devise and bequeath to such of my five children, Edward, Joseph, William, Richard and Margaret as shall then be living each one-fifth equal share and part of my estate and the property and estate above given to said trustees in trust and the proceeds of any part of same on hand; and if either of said children die before the expiration of such ten years leaving a child then the part that would go to my child if living shall go to the child or children of my child so dying; but if one or more of my children should die before expiration of such ten years leaving no child then the part that would go to such dead child or children if living shall go to my surviving children and the children of any dead child as above provided. No child of mine shall have any right to sell, transfer, convey or encumber any part of the property or estate disposed of by this codicil until after the expiration of ten years from my death and not until the expiration of such trust and such child has received his or her part, nor shall any part of my estate or property disposed of by this codicil be seized, attached or in any manner taken by any judicial proceedings or court process against any of my children until the expiration of ten years from my death and the termination of this trust (this restraint on alienation not to apply to my homestead given to Margaret). This restraint on alienation shall not apply to my sons Edward and Joseph when acting in the capacity of trustees of this codicil and my will. I expressly revoke so much of my said will as appoints Al. G. Barnes an executor and a trustee in said will and provide that said will shall in all respects be so amended as to provide that my will and estate shall have only three trustees and executors instead of four and that such three shall be Edward

Caples, Joseph Caples and James L. Marr; and a decision of a majority of said three trustees and executors shall control; and in event of death or refusal to act of either of said three trustees then the First National Bank of El Paso shall succeed to such vacancy."

The point is made that the land in question is not subject to attachment because the estate devised is a contingent and not a vested remainder; second, the will conveys the property to the executors in trust and contains provisions against it being subject to execution or attachment during the period of the trust, which was ten years.

Pretermitting any discussion as to whether the estate devised was a vested or contingent remainder, we think that the land was not subject to attachment during the ten-year period on account of the positive and unmistakable provisions of the will against subjecting it to attachment or other judicial processes, while it was in the hands of the trustees.

The great weight of authority in the courts of the American Union is to the effect that a testator may so dispose of his property that it may be enjoyed by the recipient without liability to the latter's creditors. In other words, it violates no rule of public policy to devise property to another containing provisions against its being subjected to judicial process. Shelton v. King, 229 U. S. 93, 33 Sup. Ct. 686, 57 L. Ed. 1086; Nichols v. Eaton, 91 U. S. 716, 23 L. Ed. 257; Jourolmon v. Massengill, 86 Tenn. 81, 5 S. W. 719; Patten v. Herring (Tex. Civ. App.) 29 S. W. 388 (writ of error denied); Hoffman v. Rose (Tex. Civ. App.) 217 S. W. 424 (writ of error denied).

The legal title to the property in question was placed in the hands of the trustees and they were given power, during the ten-year period, to sell or incumber it and, in the event of a sale thereof, to reinvest the proceeds in real estate or real estate and securities. Clearly the testatrix intended by these plain and unambiguous provisions to give the trustees complete control and power over the property, and to prevent the alienation of any of it during the continuation of the trust by any of the beneficiaries into whose hands it would subsequently come. The implied provision against alienating, coupled with the express provision against subjecting the land to the debts of the beneficiaries, during that period, constituted a spendthrift trust. Lindsey v. Rose (Tex. Civ. App.) 175 S. W. 829.

That a writ of attachment may not be legally levied upon a spendthrift trust estate in the hands of the trustees has been definitely decided by the Court of Civil Appeals in an opinion by Mr. Justice Brady, in Hoffman v. Rose, 217 S. W. 424, in which a writ of error was denied. It is there said:

"It would seem that the decision of this court in Lindsey v. Rose cannot be successfully distinguished from the present case, and that it is conclusive upon the proposition that no part of the trust estate in the hands of the trustee can be taken on execution by any creditor of Peter McClelland, Jr. There a threatened execution sale was enjoined, and in the instant case an attempted attachment sale was enjoined.

"Under our statutes a writ of attachment may not be legally levied upon any property, except such as is by law subject to levy under writ of execution.

"Appellants, however, seek to differentiate the two cases upon the ground that in Lindsey v. Rose the attempt of the creditor was to seize the corpus of the estate, and take it away from the trustee, and thereby destroy the trust estate and also the income; whereas, in the present case, it is sought only to sell the interest of Peter McClelland, Jr., but to leave the possession of the trustee undisturbed during the existence of the trust. To our minds the distinction is without difference. The estate, by the terms of the will having been impressed with a spendthrift trust, the purpose of the testator cannot be permitted to be defeated by the sale of any part of the corpus of the estate and the passing of the legal title, which we have repeatedly held was vested in the trustee during the life of the trust."

We recommend, therefore, that the judgments of the Court of Civil Appeals and of the district court foreclosing the attachment lien be reversed and the judgments be reformed, denying such foreclosure; that judgment be entered removing any cloud cast upon the title of the trustees to the land, because of the attempted levy of the writ of attachment; and that otherwise the judgment be affirmed.

CURETON, C. J. The judgments of the Court of Civil Appeals and district court foreclosing attachment lien reversed, and the judgments reformed so as to deny such foreclosure; and judgment rendered removing the cloud from the title of the trustees because of the levy of the attachment; and judgments of the district court and the Court of Civil Appeals otherwise affirmed.